1  PATRICK E. PREMO (CSB NO. 184915)
   ppremo@fenwick.com
2  DENNIS M. FAIGAL (CSB NO. 252829)
   dfaigal@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:    (650) 988-8500
   Facsimile:    (650) 938-5200
6
   MARY E. MILIONIS (CSB NO. 238827)
7  mmilionis@fenwick.com
   FENWICK & WEST LLP
8  555 California Street, 12th Floor
   San Francisco, CA  94104
9  Telephone:    (415) 875-2300
   Facsimile:    (415) 281-1350
10
11 Attorneys for Plaintiff
   deCarta, Inc.
12

13            UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15                  SAN JOSE DIVISION

16

17 DECARTA, INC.                          Case No.  C08 02620 (RS)

18            Plaintiff,                  **PLAINTIFF'S NOTICE OF MOTION AND
                                          MOTION TO DISMISS DEFENDANT'S**
19 v.                                     **COUNTERCLAIMS PURSUANT TO
                                          RULE 12(b)(6) OR, IN THE**
20 GEOSENTRIC OYJ,                        **ALTERNATIVE, MOTION TO STRIKE
                                          PURSUANT TO RULE 12(f);**
21            Defendant.                  **SUPPORTING MEMORANDUM OF
                                          POINTS AND AUTHORITIES**
22
                                          Date:       August 6, 2008
23                                        Time:       9:30 a.m.
                                          Courtroom: 4, 5th Floor
24                                        Judge:      Hon. Richard Seeborg

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

INTRODUCTION ................................................................................................................. 1

ISSUES TO BE DECIDED .................................................................................................. 1

      A.    deCarta's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ........................ 1

      B.    deCarta's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) ................................ 2

STATEMENT OF ALLEGED FACTS ................................................................................. 2

LEGAL STANDARD ........................................................................................................... 6

ARGUMENT ........................................................................................................................ 7

I.     DEFENDANT'S COUNTERCLAIM SHOULD BE STRICKEN IN ITS
      ENTIRETY BECAUSE OF THE CLEAR WARRANTY DISCLAIMERS AND
      LIMITATIONS ON LIABILITY ................................................................................ 7

II.    GEOSENTRIC'S FIRST COUNTERCLAIM ALSO FAILS BECAUSE IT FAILS
      TO ALLEGE A FACTUAL OR LEGAL BASIS FOR RESCISSION ........................... 9

III.   THE SECOND COUNTERCLAIM FOR BREACH OF CONTRACT FAILS
      BECAUSE THE RELIEF SOUGHT IS BARRED BY THE EXPRESS TERMS
      OF THE ORIGINAL 2005 LICENSE. ....................................................................... 11

IV.   THE THIRD COUNTERCLAIM FOR BREACH OF EXPRESS WARRANTY
      SHOULD BE DISMISSED BECAUSE THE RELIEF SOUGHT IS BARRED BY
      THE EXPRESS TERMS OF THE ORIGINAL 2005 LICENSE. .................................. 12

V.    DEFENDANT'S FOURTH COUNTERCLAIM FOR BREACH OF IMPLIED
      WARRANTY OF MERCHANTABILITY MUST BE DISMISSED IN LIGHT
      OF THE CLEAR DISCLAIMER OF WARRANTY LANGUAGE ............................... 13

VI.   DEFENDANT'S BREACH OF ORAL CONTRACT THEORY SHOULD BE
      DISMISSED BECAUSE THE ORIGINAL 2005 LICENSE PROHIBITS "ORAL"
      AMENDMENTS OR MODIFICATIONS ..................................................................... 14

VII.  DEFENDANT'S CLAIM FOR DAMAGES "IN EXCESS OF $1,000,000"
      SHOULD BE STRICKEN PURSUANT TO RULE 12(F) AS THE REQUESTED
      RELIEF VIOLATES THE CLEAR CONTRACTUAL LIABILITY LIMITATION ...... 16

CONCLUSION .................................................................................................................... 19

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alejandro v. Williamson*,
No. 1:06-CV-00449-OWW-GSA, 2008 U.S. Dist. LEXIS 35417
(E.D. Cal. Apr. 30, 2008) ............................................................................................ 11

*Banco Do Brasil, S.A. v. Latian, Inc.*,
234 Cal. App. 3d 973 (1991) ........................................................................................ 16

*Bentley* v. *Mountain*,
51 Cal. App. 2d 95 (1942) ....................................................................................... 8, 11

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ........................................................................................... 6

*Conley v. Gibson*,
355 U.S. 41 (1957) ......................................................................................................... 6

*Daniels v. County of San Francisco*,
No. C-99-05372 CRB, 2000 U.S. Dist. LEXIS 10839
(N.D. Cal. July 24, 2000) ............................................................................................ 10

*Dart Energy Corp. v. Vogel*,
No. 1:91-CV-184, 1991 U.S. Dist. LEXIS 10079
(W.D. Mich. July 18, 1991) ........................................................................................ 14

*Datalex Ltd. v. PSA, Inc.*,
No. CV 01-06482, 2003 U.S. Dist. LEXIS 27563
(C.D. Cal. Jan. 30, 2003) ............................................................................................ 18

*Desaigoudar v. Meyercord*,
223 F.3d 1020 (9th Cir. 2008) ..................................................................................... 10

*Envirex, Inc. v. Ecological Recovery Assocs., Inc.*,
454 F. Supp. 1329 (M.D. Pa. 1978),
*aff'd* 601 F.2d 574 (3rd Cir. 1979) ................................................................................ 9

*Estrada v. Alvarez*,
38 Cal. 2d 386 (1952) .............................................................................................. 9, 10

*First Commercial Mortgage Co.* v. *Reece*,
89 Cal. App. 4th 731 (2001) ....................................................................................... 11

*Furniture Consultants, Inc. v. Datatel Minicomputer Co.*,
No. 85 Civ. 8518, 1986 U.S. Dist. LEXIS 22978
(S.D.N.Y. July 10, 1986) ............................................................................................ 14

*General Electric Capital Corp. v. Munson Marine, Inc.*,
No. 91-C-5090, 1991 U.S. Dist. LEXIS 17227
(N.D. Ill., Nov. 20, 1991) ........................................................................................... 14

*Graphic Arts Sys. v. Scitex Am. Corp.*,
No. CV 92-6997, 1993 U.S. Dist. LEXIS 21052
(C.D. Cal. May 25, 1993) ....................................................................................... 6, 13

*Haggard v. Kimberly Quality Care, Inc.*,
39 Cal. App. 4th 508 (1995) ....................................................................................... 16

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3    *Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
       896 F.2d 1542 (9th Cir. 1989) .................................................................... 6

4    *Henrikson v. Turbomeca, S.A.*,
5       2006 U.S. Dist. LEXIS 90075
       (E.D. Cal. Dec. 12, 2006) ........................................................................ 19

6    *In re Zoran Derivative Litigation*,
       511 F. Supp. 2d 986 (N.D. Cal. 2007) ........................................................ 9

7    *Inter-Mark USA v. Intuit Inc.*,
8       2008 U.S. Dist. LEXIS 18834
       (N.D. Cal. Feb. 27, 2008) ................................................................... 13, 14

9    *Johnson v. GMRI, Inc*.,
       No. CV F 07-0283 LJO DLB, 2007 U.S. Dist. LEXIS 40176
10      (E.D. Cal. May 21, 2007) ........................................................................ 17

11   *Knievel v. ESPN*,
       393 F.3d 1068 (9th Cir. 2005) ................................................................... 6

12   *LeDuc v. Kentucky Cent. Life Ins. Co*.,
       814 F. Supp. 820 (N.D. Cal. 1992) ........................................................... 17

13   *Long v. Hewlett-Packard Co.*,
14      No. C 06-02816 JW, 2007 U.S. Dist. LEXIS 79262
       (N.D. Cal. July 27, 2007) ........................................................................... 9

15   *Maffei v. Allstate Cal. Ins. Co*.,
       412 F. Supp. 2d 1049 (E.D. Cal. 2006) ..................................................... 11

16   *McCormick v. Fund Am. Cos.*,
17      26 F.3d 869 (9th Cir. 1994) ...................................................................... 11

       *McGlinchy v. Shell Chem. Co.*,
18      845 F.2d 802 (9th Cir. 1988) ..................................................................... 6

19   *Moore v. Brewster*,
       96 F.3d 1240 (9th Cir. 1996) ................................................................... 10

20   *Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc.*,
       319 F. Supp. 2d 1040 (C.D. Cal. 2003) ............................................. 8, 9, 18

21   *Office Supply Co., Inc. v. Basic/Four Corp*.,
22      538 F. Supp. 776 (E.D. Wisc. 1982) ......................................................... 18

       *Parrish v. Nat 'I Football League Players Assn.*,
23      534 F. Supp. 2d 1081 (N.D. Cal. 2007) ............................................... 8, 11

24   *S.M. Wilson & Co. v. Smith Int'l, Inc.*,
       587 F.2d 1363 (9th Cir. 1978) .................................................................. 13

25   *San Chirico v. Merrill Lynch, Pierce, Fenner & Smith*,
       No. C99-2263, 1999 U.S. Dist. LEXIS 20180
26      (N.D. Cal. Dec. 13, 1999) ........................................................................ 11

27   *Shakey's Inc. v. Covalt*,
       704 F.2d 426 (9th Cir. 1983) ..................................................................... 6

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

*Shawmut Bank, N.A. v. Kress Assocs.*,
   33 F.3d 1477 (9th Cir. 1994)..................................................................... 11

4

*Shwarz v. United States*,
   234 F.3d 428 (9th Cir. 2000)...................................................................... 6

5

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998)..................................................................... 6

6

7

*Taliaferro v. Taliaferro*,
   180 Cal. App. 2d 159 (1960)....................................................................... 9

8

*Thomas v. Walt Disney Co.*,
   No. C-07-4392 CW, 2008 U.S. Dist. LEXIS 14643
   (N.D. Cal. Feb. 14, 2008).......................................................................... 6

9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003).................................................................... 10

10

*Warren* v. *Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003).................................................................... 12

11

12

*Wool v. Tandem Computers, Inc.*,
   818 F.2d 1433 (9th Cir. 1987).................................................................... 10

13

14

**STATUTES**

15

Cal. Comm. Code § 1201(b)(10)................................................................... 13

16

Cal. Comm. Code § 2209(2)......................................................................... 16

17

Cal. Comm. Code § 2316............................................................................. 14

18

Cal. Comm. Code § 2316(2) .................................................................... 13, 14

19

Cal. Comm. Code § 2316(3)(a)..................................................................... 14

20

Cal. Comm. Code § 2719............................................................................. 17

21

Cal. Comm. Code § 2719(1)(a)..................................................................... 18

22

Cal. Comm. Code § 2719(2)......................................................................... 18

23

Cal. Comm. Code § 2719(3) ........................................................................ 18

24

**RULES**

25

Fed. R. Civ. P. 12(b)(6)........................................................................... 1, 6

26

Fed. R. Civ. P. 12(f) ........................................................................... 1, 2, 17

27

Fed. R. Civ. P. 9(b) ................................................................................. 10

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page(s)**

3

**OTHER AUTHORITIES**

4

4 Witkin, Cal. Procedure § 495 (4th ed. 1997) ............................................................. 11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

### NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on August 6, 2008 at 9:30 a.m., in the Courtroom of the Honorable Richard Seeborg, United States Courthouse, Courtroom 4, 5th Floor, 289 South 1st Street, San Jose, California 95113, Plaintiff and Counterclaim Defendant deCarta, Inc. ("deCarta"), will move this Court to dismiss in its entirety the Counterclaim (the "Counterclaim") by Defendant and Counterclaimant Geosentric, OYJ ("Geosentric") pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is brought on the grounds that Geosentric's First Claim for rescission of the original written software license agreement dated June 16, 2005 ("Original 2005 License"), Second Claim for breach of Original 2005 License, Third Claim for breach of express warranty, Fourth Claim for breach of implied warranty of merchantability, and Fifth Claim for breach of an alleged oral agreement, all fail to state a claim upon which relief can be granted.

Furthermore, deCarta will and hereby does move, in the alternative, pursuant to Federal Rule of Civil Procedure 12(f), to strike as immaterial and impertinent the following portions of the Counterclaims:

- Counterclaim ¶ 31: ". . . proximately causes [sic] substantial damage to Geosentric and its predecessors in interest in an amount exceeding $1 million"; and,

- Prayer for Relief at ¶ 1: "For compensatory damages in excess of $1,000,000."

deCarta moves to strike the foregoing on the basis that the Original 2005 License limits deCarta's liability from all causes of action arising under that agreement to the license fees paid to deCarta. Original 2005 License § 10.1.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follows, the Request for Judicial Notice in Support of Plaintiff's Motion to Dismiss Counterclaims and Motion to Strike, the Declaration of Jeanne Angelo-Pardo in Support of Plaintiff's Motion to Dismiss Counterclaims, all pleadings and papers filed herein, oral argument by counsel and all other matters that properly may be received by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

After trying for six months to collect the more than $600,000 owed by Defendant and Counterclaimant Geosentric, OYJ ("Geosentric" or "Defendant") under a written software license agreement executed on June 15, 2005 ("Original 2005 License"), Plaintiff deCarta, Inc. filed a collection action in Santa Clara County Superior Court on March 28, 2008.  Rather than working with deCarta on a payment plan or exploring any option for resolving the dispute, Defendant removed the action to federal court and filed a counterclaim seeking to rescind the already-terminated Original 2005 License along with damages, in defiance of express warranty disclaimers and limitations on liability governing the parties' contractual relationship.

Geosentric's counter-offensive is a transparent effort to deflect from its own material breach of contract.  Geosentric has alleged no factual or legal basis to rescind the Original 2005 License.  Its newly articulated theories of express and implied warranty, and alleged oral contract—never before identified in the many months deCarta spent trying to resolve this dispute—fail as a matter of law given the clear, unambiguous disclaimers and integration clause self-evident on the face of the Original 2005 License and its operative amendments.  Accordingly, for the reasons articulated herein, Plaintiff and Counterclaim Defendant respectfully requests that this Court dismiss each and every counterclaim by Geosentric, thereby focusing the issues for an early trial.

**ISSUES TO BE DECIDED**

A.    **deCarta's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).**

1.    Whether Defendant's Counterclaim should be permitted to proceed in light of the clear warranty disclaimer and limits on liability.

2.    Whether Defendant's First Claim for rescission of the Original 2005 License fails as a matter of law given Geosentric's failure to allege with any degree of particularly the facts underlying the alleged misrepresentation and in light of the fact that the Original 2005 License was previously terminated months earlier due to Geosentric's failure to pay.

3.    Whether Defendant's Second Claim for alleged breach of the Original 2005

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

License fails in light of Geosentric's failure to allege the basis for the purported breach of contract.

4.     Whether Geosentric's Third Claim for alleged breach of express warranty is time-barred in light of the fact that the "Limited Product Warranty" is only for a period of one year and whether the claim is further barred given Geosentric's failure to exercise the "sole remedy" provisions set forth in Section 7.2 of the Original 2005 License.

5.     Whether Defendant's Fourth Claim for alleged breach of implied warranty of merchantability should be dismissed given the clear, unambiguous warranty disclaimer.

6.     Whether Defendant's Fifth Claim based on oral contract should be dismissed since the Original 2005 License expressly bars oral modifications.

**B.     deCarta's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).**

1.     Whether Geosentric's claims for compensatory damages "in excess of $1,000,000" should be stricken pursuant to Federal Rule of Civil Procedure Rule 12(f) as immaterial in light of the contractual limits on liability, including the waiver of any right to consequential damages.

**STATEMENT OF ALLEGED FACTS**

deCarta, formerly known as Telcontar, Inc. ("Telcontar"), is a California corporation headquartered in Silicon Valley that markets and sells navigation software for inclusion in cellular telephones.  Geosentric Counterclaim filed May 28, 2008 (Dkt. 6) ("Counterclaim") ¶¶ 4, 7.  Geosentric is a Finnish Corporation that traditionally manufactured and sold mobile phones and other devices containing location-based technology.  It is also the successor in interest to Benecap, Ltd. ("Benecap").  Counterclaim ¶ 3 ("Geosentric is a successor in interest to Benecap, Ltd.").

On or about June 16, 2005, Telcontar and Benecap entered into the Original 2005 License[1] whereby Telcontar granted to Benecap a non-exclusive license to, *inter alia,* "market, distribute and sublicense the Rich Map Engine to End Users only in combination with Licensee's Products and Services."  Original 2005 License § 2.  In exchange for this grant of rights, Benecap

---

[1]  Geosentric attaches a copy of the Original 2005 License as Exhibit A to the Counterclaim. Unless otherwise noted, citations to the Original 2005 License will be referenced as "Original 2005 License § __."

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    agreed to pay Telcontar licensing fees per unit of Benecap's products sold that include

2    Telcontar's software.  *Id.* at § 6 and Ex. B (License Fees).  Benecap further agreed to pay a

3    Minimum Annual License Fee ("MALF") of €65,000.  *Id.*  As part of the Original 2005 License,

4    Benecap agreed to submit to the exclusive jurisdiction of federal or state courts in California and

5    agreed that California law would govern the agreement.  *Id.* at § 12.2.

6          Benecap and Telcontar executed Amendment #1A to Telcontar Software License

7    Agreement on or about August 26, 2005 (the "First Amendment").  Request for Judicial Notice In

8    Support Of Motion to Dismiss Counterclaim ("RJN") Ex. 1; Declaration of Jeanne Angelo-Pardo

9    in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims ("Angelo-Pardo

10   Declaration") ¶ 2 (authenticating copy of the First Amendment).  The First Amendment set the

11   term of the Original 2005 License to begin on September 1, 2005, and allowed for the extension

12   of the term for successive one year periods.  RJN Ex. 1.  Additionally, the First Amendment

13   modified the Original 2005 License to specify that the Benecap product and service utilizing

14   Telcontar products was the "Benefon mobile phone with bundled on-board navigation

15   applications."  *Id.*

16         On or about August 31, 2006, Telcontar and Benefon, Ltd., also a predecessor in interest

17   to Geosentric, executed Amendment #2 to the Agreement (the "Second Amendment").  RJN

18   Ex. 2; Angelo-Pardo Declaration ¶ 2 (authenticating copy of the Second Amendment); *see also*

19   Counterclaim ¶ 1 ("Geosentric . . . is a successor in interest to Benefon, Ltd.").  The purpose of

20   this Amendment was twofold.  First, it recognized Telcontar's corporate name change to deCarta

21   and replaced all reference to Telcontar in the Agreement with deCarta.[2]  Second, the Amendment

22   increased the MALF to €510,000.  Notably, "[a]ll other terms and conditions of the Telcontar

23   Software Agreement remain[ed] unchanged."  RJN Ex. 2.

24         Geosentric failed to pay at least €433,500 (at the time of the Complaint equal to

25   $685,060.33 USD) of the MALF.  deCarta made numerous attempts over several months

26   beginning in or around August 2007 to resolve the continuing problem of Geosentric's failure to

27   _____

28   [2]  Accordingly, all future references to and quotations from the Original 2005 License will refer to
     deCarta and not Telcontar, per the Second Amendment.

1   pay the licensing fees.  *See* deCarta's Complaint filed on March 28, 2008 ("Complaint") ¶ 10.

2   Although an initial payment was made by deCarta – thereby ratifying the validity of the

3   agreement, Geosentric stonewalled all further efforts to collect.  Consequently, by letter dated

4   December 13, 2007, deCarta terminated the Original 2005 License and subsequent Amendments.

5   *Id.* at ¶ 13.  deCarta also requested prompt return of all software products, as required under

6   Paragraph 11.3 of the Original 2005 License.  *Id.* at ¶ 14.  Despite these requests, which were

7   repeated in the months to follow, Geosentric continued to offer to sell the mobile phone products

8   incorporating the licensed software.  *Id.* at ¶ 14.  Unable to obtain a commitment by Geosentric to

9   pay any portion of the amount owed, deCarta was left with no choice but to initiate a collection

10  action against Geosentric in Santa Clara Superior Court on March 23, 2008, that alleged

11  Geosentric's breach of the Original 2005 License.  *deCarta, Inc. v. Geosentric, OYJ¸* No. 1:08-

12  CV-109256 (Filed Mar. 28, 2008).

13        Geosentric waited nearly thirty (30) days and then removed the action to federal court on

14  the basis of diversity jurisdiction without making any effort to contact deCarta.  *See* Notice of

15  Removal (Dkt. No. 1).  It then filed an Answer to deCarta's Complaint (*see* Dkt. 5) (the

16  "Answer") and a separate Counterclaim against deCarta (the "Counterclaim") (Dkt. 6).  In its

17  Answer, Geosentric acknowledges deCarta's efforts prior to filing suit to resolve the payment

18  dispute with Geosentric.  Answer ¶ 10.  In its Counterclaim, Geosentric claimed that deCarta's

19  delivery of software under the Original 2005 License breached its warranty obligations and the

20  Original 2005 License itself.  Geosentric further claims, for the first time, that an unexecuted oral

21  agreement purportedly entered into in or around September 2006 was breached when deCarta

22  failed to supply routing engines containing road maps of Western Europe on 1 gigabyte storage

23  cards.  Counterclaim ¶ 10.  Geosentric baldly claims "compensatory damages in excess of

24  $1,000,000" as well as rescission of the Original 2005 License and restitution, its costs of suit and

25  reasonable attorney's fees.  *Id.* at 5:16-23.

26        Defendant's Counterclaim admits, as it must, that the relationship between deCarta and

27  Geosentric is governed by the Original 2005 License, including the properly executed

28  Amendments thereto.  *See* Counterclaim ¶¶ 5, 7; *see also* RJN 2:12-5:11, Exs. 1 and 2.  The

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Original 2005 License includes four key provisions that limit any liability and exclude the relief now sought.

First, the Original 2005 License includes a clear, unambiguous warranty "*Disclaimer*" stating that:

> [DECARTA] DISCLAIMS ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY, [and] FITNESS FOR A PARTICULAR PURPOSE . . .

Original 2005 License § 7.3.

Second, the Original 2005 License affords Geosentric a "*Sole Remedy*." Geosentric's remedies for a breach of the "*Limited Product Warranty*" are limited to, at deCarta's sole option, deCarta's repair or provision of a workaround for any nonconforming products or, as an alternative, the refund of the license fees paid for the nonconforming products upon the products' return. Original 2005 License § 7.2. Geosentric acknowledges it has not exercised this remedy. In fact, it was deCarta, not Geosentric that sought to have the software returned. Answer ¶¶ 12, 14 ("Geosentric admits that Plaintiff sent letters on or about November 12, 2007" and "requested the return of its products").

Third, the Original 2005 License includes a "**LIMITATION OF LIABILITY**" provision that provides:

> [DECARTA]'S TOTAL CUMULATIVE LIABILITY TO LICENSEE, FROM ALL CAUSES OF ACTION AND ALL THEORIES OF LIABILITY . . . WILL BE LIMITED TO AND WILL NOT EXCEED THE FEES PAID TO [DECARTA] BY LICENSEE PURSUANT TO THIS AGREEMENT.

Original 2005 License § 10.1.

Fourth, the Original 2005 License includes an integration clause stating:

> Any waiver, modifications or amendment of any provisions of this Original 2005 License will be effective only if in writing and signed by duly authorized representatives of both parties."

Original 2005 License § 12.9 (emphasis added).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## **LEGAL STANDARD**

2      Dismissal is appropriate under Federal Rule of Civil Procedure Rule 12(b)(6) where

3  "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

4  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  On such a motion, the Court considers the legal

5  sufficiency of the material facts alleged in the Complaint, but ignores conclusory allegations.  *See*

6  *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988) (affirming dismissal).  In ruling

7  on deCarta's Motion to Dismiss, the Court need not accept as true any allegations that are

8  conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences.  *See*

9  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

10      Because Geosentric has attached a copy of the Original 2005 License as Exhibit A to the

11  Counterclaim and incorporated it by reference, the Court may properly consider that agreement

12  on this motion.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

13  (9th Cir. 1989).  Additionally, the Court may consider the fully executed Amendments to the

14  Original 2005 License Agreement even though Geosentric failed to attach them.  *See* RJN 2:12-

15  5:11.  Geosentric "cannot keep the contracts out simply by refusing to attach them when the

16  representations in the contracts will be a decisive factor in determining whether plaintiffs have

17  stated a claim upon which relief can be granted."  *Graphic Arts Sys. v. Scitex Am. Corp.*, No. CV

18  92-6997, 1993 U.S. Dist. LEXIS 21052, at *15-16 (C.D. Cal. May 25, 1993) (granting motion to

19  dismiss).  It is axiomatic that when interpreting a contract, it "must be read as a whole and every

20  part interpreted with reference to the whole."  *Shakey's Inc. v. Covalt*, 704 F.2d 426, 434 (9th Cir.

21  1983) (properly executed amendments are part of the original agreement, which must be

22  evaluated in conjunction with those amendments).  This Court may consider not only exhibits

23  attached to the complaint, but other documents referenced therein "'whose authenticity no party

24  questions,'" even if not physically attached.  *Thomas v. Walt Disney Co.*, No. C-07-4392 CW,

25  2008 U.S. Dist. LEXIS 14643, at *5 n.1 (N.D. Cal. Feb. 14, 2008); *see also Knievel v. ESPN*,

26  393 F.3d 1068, 1076-77 (9th Cir. 2005); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96

27  (9th Cir. 1998).  The court may also consider any matter subject to judicial notice.  *Shwarz v.*

28  *United States*, 234 F.3d 428, 435 (9th Cir. 2000); *see also, generally,* RJN.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## **ARGUMENT**

2
3

**I.    DEFENDANT'S COUNTERCLAIM SHOULD BE STRICKEN IN ITS ENTIRETY BECAUSE OF THE CLEAR WARRANTY DISCLAIMERS AND LIMITATIONS ON LIABILITY.**

4

Nearly three years after executing the Original 2005 License, two years after the execution

5

of the Second Amendment, and five months after the License was terminated for <u>Defendant's</u>

6

material breach, Geosentric now attempts to claim deCarta's software was somehow defective.

7

Geosentric's Counterclaim is a day late, and more than a dollar short.  As evidenced by the plain

8

and unambiguous language of the governing contract, the parties bargained for and agreed to a

9

"Limited Product Warranty."  Original 2005 License § 7.1.  All other warranties—express and

10

implied—were disclaimed. *Id.* at § 7.3.  The express warranty was only "for a period of one year

11

after the date of delivery" and was only warranted to "function in all material respects in

12

accordance with Telcontar's published user documentation." *Id.*

13

Defendant's Counterclaim appears to be have been drafted without reference to the terms

14

of the parties' contract.  The Counterclaim also avoids articulating how or why the "licensing

15

driving route calculation software" did not meet the undisclosed "standards agreed upon." *See*

16

*generally* Counterclaim at ¶¶ 9, 19, 21-22, and 26.  From what deCarta is able to glean from the

17

limited allegations, it appears that the <u>manner of breach</u> alleged in the Counterclaim is actually

18

barred by the very language of the Original 2005 License.  Geosentric complains only of the use

19

of the software on its phones—"Geosentric . . . [was] unable to distribute and sell <u>mobile phone</u>

20

<u>[sic] containing the driving route calculation software</u> as warranted by Telcontar."  Counterclaim

21

¶ 19; *see also* ¶ 7 ("Telcontar agreed to supply driving route software for inclusion in mobile

22

phones").

23

Notably, the Counterclaim does not allege any inherent flaw or defect in the software,

24

only flaws related to the <u>combination of the software with Geosentric products</u>, which was

25

expressly disclaimed under Section 7.3. deCarta explicitly disclaimed "that the Products will

26

meet Licensee's requirements that the Products will operate in the combinations that Licensee

27

may select for use, that the operation of the Products will be error free or uninterrupted or that all

28

Products will be corrected."  (Original 2005 License § 7.3)  Because the only complaint regarding

1   software is in relation to its function with Geosentric's mobile phones, dismissal of the breach of

2   contract claim is warranted.  *See Bentley* v. *Mountain,* 51 Cal. App. 2d 95, 98 (1942); *Parrish v.*

3   *Nat'l Football League Players Assn.,* 534 F. Supp. 2d 1081, 1096-97 (N.D. Cal. 2007).

4       If this Disclaimer alone were not enough to end Defendant's counter-attack, the parties'

5   Original 2005 License clearly establishes that Geosentric's "sole and exclusive remedy and

6   [deCarta's] entire liability for any breach of the warranty" would be at deCarta's option and

7   expense to do as follows:

8       (i) promptly correct any Products that fail to meet this limited warranty;
        (ii) provide Licensee with a reasonable procedure to circumvent the
9       noncomformity; or (iii) if [deCarta] fails to correct the nonconformity or
        provide a reasonable workaround, refund the license fees paid by Licensee
10      pursuant to Section 6.1 for the non-conforming Product upon Licensee [sic]
        return of such Product to Telecontar.

11

12  Original 2005 License § 7.2.

13      As demonstrated by the pleadings, Defendant fails to articulate how, if at all, it allowed

14  deCarta to exercise any of these options.  It is well established under California law that an

15  aggrieved party "must provide [the other party] a reasonable opportunity to carry out the

16  exclusive or limited remedy" before it can allege that remedy has failed.  *Nat'l Rural Telcomms.*

17  *Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1040, 1055 (C.D. Cal. 2003) (holding that a limited

18  remedy of a partial refund did not fail of its essential purpose where plaintiff never gave

19  defendant an opportunity to provide such a remedy because plaintiff never requested a refund).

20      Finally, it is clear on the pleadings that Geosentric did not return the licensed products, a

21  precondition to receiving any refund.  In fact, it was left to deCarta to demand the return of the

22  Products as late as November 2007.  Answer ¶ 14.  Accordingly, only if Geosentric had returned

23  all of the allegedly nonconforming goods within one year of their delivery *and then* deCarta failed

24  to refund the license fees paid, could Defendant bring a claim for breach of Section 7.2.  None of

25  this happened.

26      Unable to plead, much less prove, compliance with the Limited Product Warranty, any

27  claim premised on its breach (and any claim based on any other contractual or warranty breach) is

28  barred and should accordingly be dismissed.  *See Long v. Hewlett-Packard Co.*, No. C 06-02816

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    JW, 2007 U.S. Dist. LEXIS 79262, at *10 (N.D. Cal. July 27, 2007) (affirming on motion for

2    reconsideration dismissal of breach of warranty claim); *see also Envirex, Inc. v. Ecological*

3    *Recovery Assocs., Inc.*, 454 F. Supp. 1329, 1337 (M.D. Pa. 1978) ("The buyer's failure to act so

4    as to permit the seller to act in accordance with his agreement may not be asserted by the buyer as

5    a circumstance causing the remedy to fail."), *aff'd* 601 F.2d 574 (3rd Cir. 1979); *Nat'l Rural*

6    *Telcomms. Coop.*, 319 F. Supp. 2d at 1055.

7    **II.    GEOSENTRIC'S FIRST COUNTERCLAIM ALSO FAILS BECAUSE IT FAILS
8    TO ALLEGE A FACTUAL OR LEGAL BASIS FOR RESCISSION.**

9        Independent of the reasons set forth above, each of Geosentric's Counterclaims suffer

10   additional pleading deficiencies subjecting them to dismissal.  Geosentric's First Counterclaim

11   now seeks to rescind a license agreement that it operated under, amended twice, and is now

12   terminated.  Although pled as a cause of action, rescission is a *remedy*, not a separate cause of

13   action.  *See, e.g. In re Zoran Derivative Litigation*, 511 F. Supp. 2d 986, 1019 (N.D. Cal. 2007)

14   ("rescission is a form of remedy, not a claim under the law").  Under California law, there are

15   narrow circumstances permitting rescission of contract based on a "material misrepresentation,"

16   otherwise known as fraud in the inducement.  This presupposes that the claimant has made a

17   timely effort to rescind the contract and there are well-pled allegations establishing the elements

18   of fraud.  None of the facts pled support Defendant's attempt to rescind nearly three years into the

19   contract and five months after it has been terminated.

20       *First*, California courts have held that claims for rescission should be dismissed where the

21   plaintiff failed to promptly give notice of rescission.  *See, e.g., Estrada v. Alvarez*, 38 Cal. 2d 386,

22   391 (1952) (sustaining demurrer where plaintiff did not seek to rescind until more than a year

23   after it discovered the purported fraud giving rise to its right to rescind); *Taliaferro v. Taliaferro*,

24   180 Cal. App. 2d 159, 162 (1960).  Here, Geosentric seeks rescission of an agreement executed

25   nearly three years ago.  Importantly, it alleges in its Counterclaim that it knew at least eighteen

26   months ago in "the second half of 2006" that "the routing software took an inordinate length of

27   time to provide driving directions during testing"—the very same allegation underlying its

28   misrepresentation claim on which its purported rescission is based.  Counterclaim at ¶¶ 27, 14.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Notably, Geosentric's claim for rescission comes <u>five months after</u> it admits that deCarta had

2    already terminated the Original 2005 License.  Answer ¶¶ 11-12, 14.  Accordingly, Geosentric's

3    right to rescind was "lost by delay because diligence is 'a condition of the right to

4    rescind'…'There have been many cases in which delays for much shorter periods than a year

5    have been held to be fatal to the right to rescind.'"  *Estrada*, 38 Cal. 2d at 391.

6        *Second*, Geosentric's First Counterclaim does not allege with adequate specificity the

7    facts underlying the alleged misrepresentation.  It asserts that Plaintiff "materially misrepresented

8    the capabilities of its driving route calculation software in that it was not to provide timely driving

9    directions to drivers navigating on roads in certain regions of Western Europe."  Counterclaim

10   ¶ 14.  Here, Geosentric does not allege—as is must—<u>when</u> the misrepresentation was made,

11   <u>where</u> it was made, <u>who</u> made it and by <u>what means</u> it was communicated.  *Daniels v. County of*

12   *San Francisco*, No. C-99-05372 CRB, 2000 U.S. Dist. LEXIS 10839, at *5 (N.D. Cal. July 24,

13   2000) ("In his complaint, plaintiff fails to even identify the time, place or content of the alleged

14   misrepresentations.  For this reason, the Court must dismiss plaintiff's second cause of action").

15       Since this appears to be a claim for rescission based on fraudulent misrepresentation or

16   inducement, the claim clearly lacks the level of specificity required for claims sounding in fraud.

17   *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

18   circumstances constituting fraud or mistake."); *see also Desaigoudar v. Meyercord*, 223 F.3d

19   1020, 1022-1023 (9th Cir. 2008) (fraud must be pled "with a high degree of meticulousness").[3]

20   Defendant's conclusory and vague allegations of a "material misrepresentation" by an unnamed

21   representative(s) at deCarta are insufficient to satisfy the "particularity" requirement of Rule 9(b).

22   *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).  This Court may disregard

23   fraud allegations failing to meet that standard.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

24   1097, 1105 (9th Cir. 2003).

25       This rescission claim is the epitome of the "general and conclusory allegation[]" regularly

26   dismissed by this and other courts.  *See, e.g., id.*; *Alejandro v. Williamson*, No. 1:06-CV-00449-

---

[3]  In diversity cases, the Court looks to California law for the substantive elements of the claims, but the elements must be plead with particularity as required by Fed. R. Civ. P. 9(b).  *Moore v. Brewster*, 96 F.3d 1240, 1245-1246 (9th Cir. 1996).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    OWW-GSA, 2008 U.S. Dist. LEXIS 35417, at *37-38 (E.D. Cal. Apr. 30, 2008) (dismissing

2    fraud-based claims for lack of requisite specificity); *Maffei v. Allstate Cal. Ins. Co*., 412 F. Supp.

3    2d 1049, 1056 (E.D. Cal. 2006).  Having failed to adequately plead a claim under its fraudulent

4    inducement cause of action, it is not eligible for any remedy including rescission.  *See*

5    *McCormick v. Fund Am. Cos.,* 26 F.3d 869 (9th Cir. 1994) (dismissing rescission claim where

6    underlying claims dismissed); *Shawmut Bank, N.A. v. Kress Assocs*., 33 F.3d 1477, 1493 (9th Cir.

7    1994) (discussion of rescission as a remedy irrelevant as all claims were dismissed).

8    **III.    THE SECOND COUNTERCLAIM FOR BREACH OF CONTRACT FAILS**
**BECAUSE THE RELIEF SOUGHT IS BARRED BY THE EXPRESS TERMS OF**
9    **THE ORIGINAL 2005 LICENSE.**

10       Geosentric's Second Claim seeks damages for an undisclosed breach of the Original 2005

11   License.  To state a claim for breach of contract, claimant must plead the existence of a valid

12   contract, performance of that contract by the plaintiff, defendant's breach, and damages.  *See*

13   *First Commercial Mortgage Co.* v. *Reece,* 89 Cal. App. 4th 731, 745 (2001); *Parrish*, 534 F.

14   Supp. 2d at 1094 (granting motion to dismiss because plaintiffs "failed to plead" what provisions

15   defendants breached).

16       The Second Counterclaim simply concludes:  "DeCarta's material breach of the Original

17   Agreement proximately caused substantial damages to Geosentric and its predecessors . . . ."

18   Counterclaim ¶ 19.  Bare allegations that a party "breached" or "violated" its contract cannot

19   support a cause of action in the absence of allegations of fact showing such violations.  *See, e.g.,*

20   *Bentley*, 51 Cal. App. 2d at 98; 4 Witkin, Cal. Procedure § 495 (4th ed. 1997) ("The facts

21   constituting the defendant's breach should be stated with certainty."); *see also San Chirico* v.

22   *Merrill Lynch, Pierce, Fenner* & *Smith,* No. C99-2263, 1999 U.S. Dist. LEXIS 20180, at *3-4

23   (N.D. Cal. Dec. 13, 1999) (granting motion to dismiss for failure to identify provision allegedly

24   breached).

25       The Counterclaim incorporates by reference the General Allegations.  However, the

26   General Allegations merely claim that there is breach of the "Limited Product Warranty" set forth

27   in Paragraph 7.1 of the Original 2005 License.  Counterclaim ¶ 8.  It then repeats the same

28   allegation that "DeCarta materially breached the Original Agreement by failing to provide route

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   calculation software that functioned in accordance with Telcontar's published user

2   documentation, in that the route calculation software functioned too slowly to be of use to drivers

3   while navigating on roads in certain regions of Western Europe." Counterclaim ¶ 9. Geosentric's

4   breach of contract theory appears to be merely a rehash of its flawed breach of express warranty.

5   *Compare id.* at ¶¶ 17-19 *with id.* at ¶¶ 20-23 (both incorporate ¶¶ 8-9 by reference).

6          To the extent Defendant is claiming breach of an express warranty, the Second Claim and

7   Third Claims are entirely redundant. Defendant is not permitted to split a single cause of action

8   into two separate claims. Furthermore if, in fact, the Second Claim for "Breach of the Original

9   Agreement" is based on the same breach of express warranty theory, it fails for the reasons

10  already articulated (*see infra* at Section I).

11  **IV.    THE THIRD COUNTERCLAIM FOR BREACH OF EXPRESS WARRANTY**
        **SHOULD BE DISMISSED BECAUSE THE RELIEF SOUGHT IS BARRED BY**
12      **THE EXPRESS TERMS OF THE ORIGINAL 2005 LICENSE.**

13         Undercutting any claim that there was in fact a legitimate concern about the functioning of

14  the deCarta software, Geosentric's Counterclaim further admits that it was still selling mobile

15  phones containing deCarta's software as late as February 8, 2008—more than a year after

16  Geosentric claims it notified deCarta of the alleged nonconformity in "the second half of 2006"

17  and two months after deCarta terminated their agreement. *Id.*; Counterclaim ¶ 27. However,

18  even assuming *arguendo* that deCarta software was somehow nonconforming, Geosentric's Third

19  Counterclaim for breach of express warranty should be dismissed because (a) the "Limited

20  Product Warranty" does not extend to Defendant's current breach of warranty claims, and (b)

21  Defendant failed to exercise any rights under the "sole remedy" provisions under the parties'

22  agreement, namely return the goods within one year of delivery, as required for a refund of its

23  license fees. Original 2005 License § 7.2 (describing Geosentric's "sole and exclusive

24  remedy…for any breach" of the limited warranty).

25         By the Original 2005 License's own unambiguous terms, deCarta had no contractual

26  obligation to guarantee problem-free software or software that functioned in connection with

27  Geosentric's mobile phones. To hold otherwise would invalidate the contract's limiting terms.

28  *See, e.g., Warren* v. *Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (court need

1   not accept as true allegations that contradict documents referred to in the complaint) (citation

2   omitted).

3   **V.    DEFENDANT'S FOURTH COUNTERCLAIM FOR BREACH OF IMPLIED
         WARRANTY OF MERCHANTABILITY MUST BE DISMISSED IN LIGHT OF
4        THE CLEAR DISCLAIMER OF WARRANTY LANGUAGE.**

5           Geosentric's Fourth Counterclaim for breach of implied warranty claim fails because, as

6   previously mentioned, the Original 2005 License includes a conspicuous and valid warranty

7   disclaimer.  *See Inter-Mark USA v. Intuit Inc.*, 2008 U.S. Dist. LEXIS 18834, at *23 (N.D. Cal.

8   Feb. 27, 2008) (granting motion to dismiss implied breach of software license warranty claim

9   without leave to amend); *see also S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1372-

10  1373 (9th Cir. 1978); *Graphic Arts Sys. v. Scitex Am. Corp.*, 1993 U.S. Dist. LEXIS 21052, at

11  *15-16 (C.D. Cal. May 25, 1993).  Where implied warranties are properly disclaimed, an action

12  for their breach fails as a matter of law.  *Inter-Mark USA*, 2008 U.S. Dist. LEXIS 18834, at *23.

13          In California, the implied warranty of merchantability is effectively excluded where the

14  language of the disclaimer mentions merchantability and is conspicuous.  Cal. Comm. Code

15  § 2316(2).  Additionally, all implied warranties of fitness are excluded when done by a

16  conspicuous writing.  *Id.*  A disclaimer is "conspicuous" if it is "so written, displayed, or

17  presented that a reasonable person against whom it is to operate ought to have noticed it."  *Id.*

18  § 1201(b)(10).  The question of conspicuousness is a question of law for the court.  *Id.*  In making

19  this determination, the court must "review the conspicuousness of the disclaimer in the context of

20  the entire contract, and in light of the sophistication of the parties."  *Inter-Mark USA*, 2008 U.S.

21  Dist. LEXIS 18834, at *22-23 (citations omitted) (observing that nothing in the allegations of the

22  complaint suggested that plaintiff licensee, a business customer, was so unsophisticated that it

23  would not have noticed the disclaimer or appreciated its significance).

24          deCarta's disclaimer is a textbook example of a "conspicuous" disclaimer under the

25  Commercial Code.  The Original 2005 License states, in relevant part:

26          *Disclaimer* . . . [DECARTA] DISCLAIMS ALL OTHER WARRANTIES,
            EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES
27          OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE,
            NONINFRINGEMENT, QUIET ENJOYMENT AND WARRANTIES
28          ARISING OUT OF COURSE OF DEALING, USAGE, OR TRADE.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Original 2005 License at 7.3.  The disclaimer both mentions merchantability and is conspicuous,

2    satisfying the requirements of Section 2316.  The relevant portion of the Original 2005 License

3    has a bolded and capitalized heading (**WARRANTY**), an italicized subheading (*Disclaimer*), and

4    the relevant portion is in all capitals.  Original 2005 License at § 7, §7.3.  The preceding text is

5    not in all capitals, and only two other provisions are in all capitals (§ 8.4 addressing Geosentric's

6    sole and exclusive remedies and § 10 limiting deCarta's liability), serving to distinguish the

7    disclaimer and calling special attention to it.

8         The disclaimer also specifically excludes warranties of fitness for a particular purpose and

9    merchantability and uses language which calls the buyer's attention to the exclusion of warranties

10   and makes plain that there is no implied warranty.  Cal. Comm. Code §§ 2316(2); 2316(3)(a).

11   Courts routinely enforce warranty disclaimers like this one on motions to dismiss.  *See, e.g.*,

12   *Inter-Mark USA*, 2008 U.S. Dist. LEXIS 18834, at *22-23; *Dart Energy Corp. v. Vogel*, No.

13   1:91-CV-184, 1991 U.S. Dist. LEXIS 10079, at *16-18 (W.D. Mich. July 18, 1991) (applying

14   identical Illinois law, and dismissing breach of implied warranty claims where disclaimer

15   satisfied statutory requirements); *General Electric Capital Corp. v. Munson Marine, Inc*., No. 91-

16   C-5090, 1991 U.S. Dist. LEXIS 17227, at *8-10 (N.D. Ill., Nov. 20, 1991) (granting motion to

17   dismiss under identical Illinois law); *Furniture Consultants, Inc. v. Datatel Minicomputer Co.*,

18   No. 85 Civ. 8518, 1986 U.S. Dist. LEXIS 22978, at *15 (S.D.N.Y. July 10, 1986) (software

19   company's contract sufficiently set out its exclusion of all implied warranties; implied warranty

20   claims dismissed).

21   **VI.    DEFENDANT'S BREACH OF ORAL CONTRACT THEORY SHOULD BE**
         **DISMISSED BECAUSE THE ORIGINAL 2005 LICENSE PROHIBITS "ORAL"**
22       **AMENDMENTS OR MODIFICATIONS.**

23        Geosentric's Fifth Counterclaim attempts to plead a claim for breach of an alleged oral

24   agreement purportedly entered in or around September 2006 whereby "by the end of 2006,

25   DeCarta would supply to Benefon, for inclusion in mobile phones, routing engines that would fit

26   road maps of the whole of Western Europe on a 1 GB SD card, in exchange for which Benefon

27   would agree to an increase in the Minimum Annual Licensing Fee (MALF) from 65,000 Euros in

28   2005, under the Original 2005 License, to 510,000 Euros in 2006 . . ."  Counterclaim ¶ 10.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Defendant's Counterclaim further alleges that the parties "agreed to draft an amendment to the

2    'Original Agreement' that would contain the terms set forth in paragraph 10, above." (*Id.* at

3    ¶ 11.)  Amazingly, Geosentric's Counterclaim conspicuously avoids any reference to the written

4    Amendment the parties <u>actually executed</u>.  This omission is important because the written

5    Amendment increases the MALF, but omits any mention of additional navigation software.

6    RJN Ex. 2.[4]

7         Though styled as an "Oral Agreement," Geosentric admits in the Counterclaim that it is

8    merely an oral amendment to the Original 2005 License, <u>not</u> a separate contract.  *See*

9    Counterclaim ¶ 11 ("DeCarta and Benefon agreed to draft an <u>amendment to the 'Original</u>

10   <u>Agreement</u>' that would contain the terms set forth in Paragraph 10") (emphasis added).

11   Geosentric asserts that in exchange for an increase of the MALF from €65,000 to €510,000

12   deCarta agreed to "supply routing engines that would fit road maps of the whole of Western

13   Europe" on a one gigabyte storage card.  *Id.* at ¶ 10.  It contends this Oral Agreement was

14   breached when deCarta failed to "supply Benefon with the routing engine compressed sufficiently

15   to fit on a 1GB card."  *Id.* at ¶ 12.

16        Even if the parties had discussed amending the Original 2005 License with the terms

17   identified, any such oral amendment would have no legal effect unless it was in writing signed by

18   the parties.  Geosentric's Counterclaim again simply ignores the contractual provisions

19   establishing that the Original 2005 License is fully integrated and bars the type of oral

20   modification alleged by Geosentric.  The integration clause provides:

21        *Entire Agreement*.  This Agreement, including its schedules and exhibits,
          constitutes the complete understanding and agreement between the parties
22        regarding its subject matter and supersedes [sic] all prior or
          contemporaneous agreements or understandings, written or oral, relating to
23        the subject matter herein.  <u>Any waiver, modifications or amendment of any</u>
          <u>provisions of this Agreement will be effective only if in writing and signed</u>
24        <u>by duly authorized representatives of both parties.</u>

25   Original 2005 License § 12.9 (emphasis added).  Here, the alleged amendment would alter the

26   _____

27   [4]  The only changes to the Original 2005 License included in the Amendment are changes to the
     license fees per unit and the aforementioned MALF.  RJN Ex. 1.  "All other terms and conditions
28   of the [Original 2005 License] remain[ed] unchanged" including the above noted written
     modification requirement.  *Id.*

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MALF set by Exhibit B to the Original 2005 License which set forth the original licensing fees, including a MALF of €65,000.  Thus the oral amendment asserted falls squarely within Section 12.9.  This type of "signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded."  Cal. Comm. Code § 2209(2).

The Second Amendment further debunks the theory that the parties orally agreed to amend the Original 2005 License as alleged.  Executed on August 31, 2006, the Second Amendment raised the MALF to €510,000—the same amount alleged as consideration for the oral agreement/amendment set forth in the Fifth Cause of Action.  RJN Ex. 2.  Importantly, deCarta's supply obligations were not modified in any way and no mention is made of the routing engines Geosentric claims deCarta failed to supply.  In stark contrast to the alleged Oral Agreement, the Second Amendment is in writing and executed by senior executives of deCarta and Benefon.  As "[a]ll other terms and conditions of the [Original 2005 License] remain[ed] unchanged," necessarily including the integration clause quoted above, the parole evidence rule applies and bars any prior or contemporaneous oral agreements.  *Id.*

An integration clause substantially similar was held on its face to "leave[] no doubt" that the agreement contained all of the agreed upon terms in *Banco Do Brasil, S.A. v. Latian, Inc.*, 234 Cal. App. 3d 973, 1003 (1991).  The court there held such "presence of an 'integration' clause will be very persuasive, if not controlling," on the issue of whether the written contract is an integrated document.  *Id.* at 1002-03.  Sophisticated parties, such as the corporate parties at hand, who sign their names to contracts with such explicit integration clauses should expect to be bound by their terms and cannot retroactively add terms while ignoring others.  *See Haggard v. Kimberly Quality Care, Inc.*, 39 Cal. App. 4th 508, 518 (1995).

## VII.   DEFENDANT'S CLAIM FOR DAMAGES "IN EXCESS OF $1,000,000" SHOULD BE STRICKEN PURSUANT TO RULE 12(F) AS THE REQUESTED RELIEF VIOLATES THE CLEAR CONTRACTUAL LIABILITY LIMITATION.

In any event, Defendant's claim for compensatory damages "in excess of $1,000,000" should be stricken given the very clear limits on liability that the parties bargained for and memorialized in Section 10 of the Original 2005 License.  *See* Counterclaim ¶ 31 and Prayer for

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Relief ¶ 1.  Federal Rule of Civil Procedure 12(f) empowers a court to strike any "immaterial,

2    impertinent, or scandalous matter."  *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830

3    (N.D. Cal. 1992).  Motions to strike may be granted if "it is clear that the matter to be stricken

4    could have no possible bearing on the subject matter of the litigation."  *Id.*; *see also Johnson v.*

5    *GMRI, Inc.*, No. CV F 07-0283 LJO DLB, 2007 U.S. Dist. LEXIS 40176, at *19-*21 (E.D. Cal.

6    May 21, 2007) (striking as immaterial and impertinent allegations of damages to which plaintiff

7    was, as a matter of law, not entitled).

8            Here, the Original 2005 License includes a permissible limitation on damages barring the

9    compensatory damages sought by Geosentric on its breach of contract and warranty claims.  The

10   provision entitled "LIMITATION OF LIABILITY," unambiguously excludes the type of

11   compensatory damages sought by Geosentric:

12           10.1  *Total Liability.*  EXCEPT FOR THE INFRINGEMENT INDEMNITY
              PURSUANT TO SECTION 8.1 ABOVE, [DECARTA]'S TOTAL CUMULATIVE
13           LIABILITY TO LICENSEE, FROM ALL CAUSES OF ACTION AND ALL
              THEORIES OF LIABILITY (WHETHER BASED ON CONTRACT, TORT,
14           WARRANTY, OR OTHER LEGAL BASIS), WILL BE LIMITED TO AND WILL NOT
              EXCEED THE FEES PAID TO [DECARTA] BY LICENSEE PURSUANT TO THIS
15           AGREEMENT.

16           10.2  *Exclusion of Damages.*  IN NO EVENT WILL [DECARTA] BE LIABLE
              TO LICENSEE FOR ANY SPECIAL, INDIRECT, INCIDENTAL, OR
17           CONSEQUENTIAL DAMAGES, (INCLUDING LOSS OF USE, DATA, BUSINESS
              OR PROFITS) ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT
18           OR THE USE OR PERFORMANCE OF THE PRODUCTS OR SERVICE, WHETHER
              SUCH LIABILITY ARISES FROM ANY CLAIM BASED UPON CONTRACT,
19           WARRANTY, TORT (INCLUDING NEGLIGENCE), STRICT LIABILITY OR
              OTHERWISE, AND WHETHER OR NOT [DECARTA] HAS BEEN ADVISED OF
20           THE POSSIBILITY OF SUCH LOSS OR DAMAGE.  THE PARTIES HAVE AGREED
              THAT THESE LIMITATIONS WILL SURVIVE AND APPLY EVEN IF ANY
21           LIMITED REMEDY SPECIFIED IN THIS AGREEMENT IS FOUND TO HAVE
              FAILED OF ITS ESSENTIAL PURPOSE.
22

23   Original 2005 License §§ 10.1 and 10.2.  The Original 2005 License goes even further informing

24   Geosentric that "Telcontar has set its prices and entered into this Original 2005 License in

25   reliance upon the limitation of liability specified herein, which allocate the risk between Telcontar

26   and Licensee and <u>form a basis of the bargain between the parties</u>."  *Id.* at § 10.3 (emphasis

27   added).

28           Section 2719 of California's Commercial Code permits parties to agree on contractual

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  limitations on damages.  *See* Cal. Comm. Code § 2719(1)(a) (allowing agreement to "limit or

2  alter the measure of damages recoverable . . . as by limiting the buyer's remedies to return of the

3  goods and repayment of the price or to repair and replacement of nonconforming goods or

4  parts"); *id*. § 2719(3) ("Consequential damages may be limited or excluded . . . ."); *see also Nat'l*

5  *Rural Telcomms. Coop.,* 319 F. Supp. 2d at 1048 (noting limitation of liability provisions "have

6  long been recognized as valid in California.") (citations omitted).  Where losses are commercial

7  in nature and do not cause "injury to the person"—as is the case here[5]—consequential damages

8  limitations are <u>presumptively valid</u>, unless proven unconscionable. *See* Cal. Comm. Code

9  § 2719(3); *Datalex Ltd. v. PSA, Inc*., No. CV 01-06482, 2003 U.S. Dist. LEXIS 27563, at *8

10  (C.D. Cal. Jan. 30, 2003); *Office Supply Co., Inc. v. Basic/Four Corp*., 538 F. Supp. 776, 788

11  (E.D. Wisc. 1982) (holding exclusion of incidental and consequential damages presumptively

12  valid in commercial setting under California Commercial Code Section 2719(3)); *see also*

13  Official Comment to Section 2719(3) (allowing such contractual limitations for the allocation of

14  unknown risks).

15  　　　Despite Defendant's attempt to wholly ignore the explicit terms of the Original 2005

16  License—terms that form a fundamental basis of the parties' relationship—the limitations on

17  liability and damages stand and preclude any claims seeking damages beyond "THE FEES PAID

18  TO [DECARTA] BY LICENSEE PURSUANT TO THIS AGREEMENT."  Original 2005

19  License § 10.1.  California Commercial Code Section 2719(2) permits parties to establish an

20  exclusive remedy provided that remedy does not "fail of its essential purpose"—*i.e.*, leave a

21  party with no available remedy.  *Nat'l Rural Telcomms. Coop.*, 319 F. Supp. 2d at 1055.

22  　　　By express agreement of the parties, any damages asserted by Geosentric are limited to a

23  "refund of the license fees" actually paid, which in this case would amount to approximately

24  €76,500.  Having so limited its liability to Geosentric's claims arising under the Original 2005

25  License, deCarta's motion to strike should be granted.  *See Henrikson v. Turbomeca, S.A.*, 2006

26

27  [5]  Geosentric's Counterclaim only seeks consequential damages under its Second, Fourth, and
Fifth Causes of Action.  *See* Counterclaim ¶ 19 (asserting damages from lost distribution and
sales of mobile phones); ¶ 28 (asserting Geosentric has been substantially damaged in an amount

28  to be proved at trial); and ¶ 31 (asserting damages "in an amount exceeding $1 million).

1   U.S. Dist. LEXIS 90075 (E.D. Cal. Dec. 12, 2006) (striking allegations of damages not available

2   to plaintiff under California law). Defendant's excessive and unsubstantiated claim for $1

3   million in damages should be stricken in the following manner:

4   - Counterclaim ¶ 31: ~~DeCarta's material breach of the Oral Agreement~~
    ~~proximately causes substantial damage to Geosentric and its predecessors in~~
5   ~~interest in an amount exceeding $1 million.~~

6   - Prayer for Relief ¶ 1: ~~For compensatory damages in excess of $1,000,000.~~

7                              **<u>CONCLUSION</u>**

8       For the foregoing reasons, deCarta respectfully requests that the Court grants its Motion to

9   Dismiss Geosentric's Counterclaim in its entirety or, in the alternative, its Motion to Strike

10  Geosentric's claims for compensatory damages.

11  Dated: June 20, 2008                    FENWICK & WEST LLP

12

13                                          By _____**/s/ Patrick E. Premo**_____

14                                                   Patrick E. Premo

15                                          Attorneys for Plaintiff
                                            deCarta, Inc.

16

17

18  20662/00406/LIT/1286915.9

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW