1  PATRICK E. PREMO (CSB NO. 184915)
   ppremo@fenwick.com
2  DENNIS M. FAIGAL (CSB NO. 252829)
   dfaigal@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:     (650) 988-8500
   Facsimile:     (650) 938-5200
6
   MARY E. MILIONIS (CSB NO. 238827)
7  mmilionis@fenwick.com
   FENWICK & WEST LLP
8  555 California Street, 12th Floor
   San Francisco, CA  94104
9  Telephone:     (415) 875-2300
   Facsimile:     (415) 281-1350
10

11  Attorneys for Plaintiff
    deCarta, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DECARTA, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GEOSENTRIC OYJ,<br><br>　　　　　Defendant. | Case No.  C08 02620 (RS)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE, MOTION TO STRIKE PURSUANT TO RULE 12(f)**<br><br>Date:　　　August 6, 2008<br>Time:　　　9:30 a.m.<br>Courtroom: 4, 5th Floor<br>Judge:　　　Hon. Richard Seeborg |

## AUTHORITY FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here, when deciding Plaintiff and Counter-Defendant deCarta, Inc.'s ( "deCarta") accompanying Motion to Dismiss Counterclaim-Plaintiff Geosentric, OYJ's ("Geosentric") Counterclaim Pursuant to Rule 12(b)(6) or, in the Alternative, Motion to Strike Pursuant to Rule 12(f) (the "Motion to Dismiss"), the Court can take judicial notice or otherwise consider on a motion under Rule 12(b)(6) each of the following:  (1) the two amendments to the *Telcontar Software License Agreement* ("Original 2005 License") at issue in this case; and (2) Geosentric's Answer to the Complaint (Dkt. No. 5) (the "Answer").

### A.     The Court Can Consider the Operative Amendments to the Original 2005 License.

In ruling on a 12(b)(6) motion to dismiss, the Court may consider not only exhibits attached to the complaint, but other documents referenced therein, in whole or in part, "'whose authenticity no party questions,'" even if not physically attached. *Thomas v. Walt Disney Co.*, No. C-07-4392 CW, 2008 U.S. Dist. LEXIS 14643, at*5 n.1 (N.D. Cal. Feb. 14, 2008).  Having attached only a portion of the Original 2005 License at issue in this case, Geosentric cannot now ignore the subsequently executed amendments to the Original 2005 License to the detriment of deCarta.  "Plaintiffs cannot keep the contracts out simply by refusing to attach them when the representations in the contracts will be a decisive factor in determining whether plaintiffs have stated a claim upon which relief can be granted." *Graphic Arts Sys. v. Scitex Am. Corp.*, No. CV 92-6997, 1993 U.S. Dist. LEXIS 21052, at *15-16 (C.D. Cal. May 25, 1993) (granting motion to dismiss).  Nor can Geosentric "create factual disputes by poaching certain provisions out of a contract and purposefully omitting the rest." *See Sw. Pet Prod., Inc. v. Koch Indus., Inc.*, 89 F. Supp. 2d 1115, 1120 (D. Ariz. 2000) (*rev'd in part on other grounds*) (in granting the defendant's motion to dismiss, the court considered both physical sides of a written contract where the

plaintiff included only the front side of the contract in the complaint, holding that both sides of the contract govern).

The two amendments, *Amendment #1A to Telcontar Software License Agreement* (the "First Amendment") and *Amendment #2 to Telcontar Software License Agreement* (the "Second Amendment ") (collectively, "the Amendments"), to the Original 2005 License at issue in this case are properly the subjects of judicial notice as they are operative parts of the entire Original 2005 License on which Geosentric's counterclaim necessarily relies.  When interpreting a contract, it "must be read as a whole and every part interpreted with reference to the whole." *Shakey's Inc. v. Covalt*, 704 F.2d 426, 434 (9th Cir. 1983) (properly executed amendments are part of the original agreement, which must be evaluated in conjunction with those amendments); *see also United States v. Johnson*, 43 F.3d 1308, 1310 (9th Cir. 1994) (same).  Here, Geosentric relies on the Original 2005 License as the basis for its counterclaim against deCarta.  Geosentric included the Original 2005 License as an exhibit to its counterclaim (Counterclaim Ex. A), but the attached contract was incomplete as it failed to include the operative and fully executed Amendments.  *See* Declaration of Jeanne Angelo-Pardo In Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims ("Angelo-Pardo Declaration") ¶¶ 2-3.  The Amendments only changed certain provisions of the Original 2005 License[1] but did not replace or supersede the Original 2005 License altogether[2].  By omitting the Amendments, Geosentric "seeks to make a mockery of the law of contracts by coming into court, suing under a written instrument, and then disavowing terms of the written contract that are unfavorable to it." *Sw. Pet Prod*, 89 F. Supp. 2d at 1120.

---

[1] The First Amendment changed the term of the Original 2005 License to extend one year beginning on September 1, 2005, and included the name of a product using the licensed software. The Second Amendment reflects only a corporate name change from Telcontar to deCarta and changes to the licensing fees.

[2] The Original 2005 License includes an integration clause that provides, "This Agreement, including its schedules and exhibits, constitutes the complete understanding and agreement between the parties regarding its subject matter and supercedes [sic] all prior or contemporaneous agreements or understandings, written or oral, relating to the subject matter herein.  Any waiver, modifications or amendment of any provisions of this Agreement will be effective only if in writing and signed by duly authorized representatives of both parties." *See* Counterclaim Ex. A at § 12.9.

1       The entire contract at the heart of a dispute is the precise type of document the court may

2 consider even if it is not attached to the complaint. *Ackerman v. Local Union 363*, 423 F. Supp.

3 2d 125, 127 (S.D.N.Y. 2006) ("The classic examples of documents that may be considered on a

4 motion to dismiss even though the plaintiff does not physically attach them to the complaint are

5 the contracts that underlie the claims in suit"). Moreover, a court may take judicial notice of

6 authentic documents on which the allegations in a complaint necessarily rely, even if not

7 expressly referenced in the complaint. *See, e.g., In re Tibco Software Secs. Litig.,* No. C 05-2146

8 SBA, 2006 U.S. Dist LEXIS 36666, at *48 (N.D. Cal. May 24, 2006); *Wietschner v. Monterey*

9 *Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003).

10       In the context of a motion to dismiss pursuant to Rule 12(b)(6), "documents whose

11 contents are alleged in a complaint and whose authenticity no party questions, but which are not

12 physically attached to the pleading, may be considered." *Branch v. Tunnell*, 14 F.3d 449, 454

13 (9th Cir. 1994) (overruled on other grounds), *cert denied* 512 U.S. 1219 (1997). Accordingly,

14 deCarta is entitled to seek judicial notice of the whole underlying contract between deCarta and

15 Geosentric. The Court, therefore, should consider the Amendments together with the Original

16 2005 License to decide deCarta's Motion to Dismiss as these documents collectively constitute

17 the entire contract at issue in this case. *See Sw. Pet Prod*, 89 F. Supp. 2d at 1120 (looking <u>at full

18 agreement</u> and not only portions attached to the complaint; motion to dismiss granted); *Bell

19 Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1973 n.13 (2007) (holding that it was proper for the

20 district court to take judicial notice of the <u>full contents</u> of published articles referenced in the

21 complaint by partial quotations); *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953-954 (N.D.

22 Cal. 2007) (the court took judicial notice of the <u>full text</u> of documents referenced in the plaintiff's

23 complaint under the doctrine of incorporation by reference).

24       Moreover, the Court should consider the Second Amendment in deciding deCarta's

25 Motion to Dismiss because it was referenced in Geosentric's counterclaim. Specifically,

26 Geosentric alleged that the parties agreed to draft an amendment to the Original 2005 License that

27 would contain terms from a purported oral agreement between the parties. Counterclaim ¶ 11.

28 Among the terms of the oral agreement alleged by Geosentric is "an increase in the Minimum

REQUEST FOR JUDICIAL NOTICE     -4-    CASE NO. C08 02620 (RS)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Annual Licensing Fee ("MALF") from 65,000 Euros in 2005, under the Original 2005 License, to

2   510,000 Euros in 2006." *Id.* at ¶ 10. The Second Amendment is the only written document that

3   embodies this term, and the parties do not dispute its authenticity. Therefore, the Court should

4   judicially notice the Second Amendment in consideration of deCarta's Motion to Dismiss. *See,*

5   *e.g., Thomas*, 2008 U.S. Dist. LEXIS 14643 at*5 n.1; *see also Knieval v. ESPN*, 393 F.3d 1068,

6   1076-77 (9th Cir. 2005); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.

7   1998); *Branch v. Tunnell*, 14 F.3d 449, 454 ((9th Cir. 1994) (not error for district court to

8   consider deposition testimony and affidavit in ruling on motion to dismiss because both

9   documents were mentioned in the amended complaint and neither side questioned their

10  authenticity) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119,

11  1124 (9th Cir. 2002).

12      Attached hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u> are true and correct copies of The First

13  Amendment and The Second Amendment, respectively. These Exhibits are authenticated by

14  Paragraphs 2 and 3, respectively, of the Angelo-Pardo Declaration filed concurrently herewith.

15      **B.    The Court Can consider Geosentric's Answer.**

16      Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is

17  "capable of accurate and ready determination by resort to sources whose accuracy cannot

18  reasonably be questioned." Fed. R. Evid. 201(b)(2). As documents filed with the court,

19  pleadings from earlier proceedings of the litigation are easily verified facts whose accuracy

20  cannot be questioned. *Springate v. Weighmasters Murphy, Inc.*, 217 F. Supp. 2d 1007, 1013

21  (C.D. Cal. 2002) (request for judicial notice of answer granted for purposes of motion to dismiss

22  because a court "may take judicial notice of its own records, and documents that are public

23  records and capable of accurate and ready confirmation by sources that cannot reasonably be

24  questioned); *see also Rayon-Terrell v. Contra Costa County*, No. C-02-2759, 2004 U.S. Dist.

25  LEXIS 22028, at *2 n.1 (N.D. Cal. Oct. 4, 2004) (request for judicial notice of defendant's

26  answer granted) (*rev'd on other grounds*); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d

27  289, 290 n. 1 (9th Cir. 1996) (the court used facts drawn from, *inter alia*, the complaint, which

28  the district court took judicial notice of, in deciding an appeal arising from a Rule 12(b)(6) motion

to dismiss); *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 746 n. 3 (8th Cir. 1996) (the district court did not err by taking judicial notice of pleadings from earlier related proceedings in the litigation).

Here, the underlying action in this litigation is deCarta's collection action against Geosentric for failure to pay license fees.[3] When Geosentric filed its Counterclaim Against deCarta (Dkt. No. 6 (the "Counterclaim")), it concurrently filed its Answer to the complaint on May 28, 2008. *See* Dkt. No. 5. In its answer, Geosentric makes the judicial admission that deCarta sent letters requesting the return of the products at issue in November 2007. Answer ¶¶ 12, 14 ("Geosentric admits that Plaintiff sent letters on or about November 12, 2007" and "requested the return of its products"). Geosentric also admits that it continued to sell phones containing deCarta's software through February 8, 2008. Answer ¶ 14 ("Geosentric admits that it sold approximately 703 TWIG telephones between December 13, 2007 and February 8, 2008"). Factual assertions such as those alleged by Geosentric in its Answer are judicial admissions which "unless amended, are . . . conclusively binding on the party who made them." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (internal citations omitted) (affirming that "[a] statement in a complaint, answer or pretrial order is a judicial admission"). Geosentric is now bound by its factual allegations that deCarta requested the return of its products in November 2000, but that Geosentric continued to sell them until February 2008. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1203 (E.D. Cal. 2008) (holding that a party is bound to the factual statements made in its pleadings). Accordingly, Geosentric's answer is properly the subject of judicial notice under Federal Rule of Evidence 201. *See Springate*, 217 F. Supp. 2d at 1013; *Rayon-Terrell*, 2004 U.S. Dist. LEXIS 22028 at \*2 n.1.

///

///

///

---

[3] deCarta filed suit in the Superior Court of California, Santa Clara County, for failing to pay at least €433,500 (equal to $685,060.33 USD at the time of filing) pursuant to a software license agreement, the *Telcontar Software License Agreement*. On May 23, 2008, Geosentric filed a Notice of Removal to this Court. *See* Dkt. No. 1

REQUEST FOR JUDICIAL NOTICE     -6-     CASE NO. C08 02620 (RS)

## **CONCLUSION**

For the foregoing reasons, deCarta respectfully requests that the Court grant its request for judicial notice.

Dated: June 20, 2008                    FENWICK & WEST LLP


By:     **/s/ Patrick E. Premo**
              Patrick E. Premo

Attorneys for Plaintiff
deCarta, Inc.

20662/00406/LIT/1287071.3

# EXHIBIT 1

## AMENDMENT #1A TO TELCONTAR SOFTWARE LICENSE AGREEMENT

This Amendment (the "Amendment") to the Software License Agreement dated June 16, 2005 between Telcontar and Benecap Limited ("Licensee") is entered into and made effective as of August 26, 2005.

Whereas both Telcontar and Licensee wish to amend the Telcontar Software License Agreement as follows:

Section 11.1 Term of such Software License Agreement is hereby amended to read:

"Section 11.1 Term. This Agreement will begin on September 1, 2005 and will remain in effect for one year and will continue in effect for successive one (1) year renewal periods, until either party gives the other party written notice of termination at least 90 days prior to the anniversary of the then current year. ("Notice Period"). Notwithstanding the above term, Licensee shall have the right to terminate this Agreement with no further obligation at any time within the first year effective on a quarter date (1st Dec 2005, 1st March 2006, or 1st June 2006). In the event of such cancellation only the quarterly MALF payments already due would be payable.

EXHIBIT E Licensee's Products and Services is hereby amended to read:

"Annual License fees are due on all Licensee's Products and Services that utilize Telcontar Products. The following is a list of Licensee's Products and Services that will utilize Telcontar Products. Licensee is responsible for notifying Telcontar of any changes to this list.

Benefon mobile phone with bundled on-board navigation application."

The parties have caused this Amendment to be executed as of the Effective Date by their duly authorized representatives.

LICENSEE:  
By: S. Roberts  
Name: SARAH ROBERTS  
Title: DIRECTOR  
Date: 16/11/05

Telcontar  
By: _[signature]_  
Name: JEANNE ANGELO PARAO  
Title: CFO  
Date: 11 8 05

# EXHIBIT 2

## AMENDMENT #2 TO TELCONTAR SOFTWARE LICENSE AGREEMENT

This Amendment # 2 (the "Amendment # 2") to the Telcontar Software License Agreement dated June 16, 2005 between Telcontar and Benefon, Ltd, ("Licensee") is entered into and made effective as of August 31, 2006.

Whereas both Telcontar and Licensee wish to amend the Telcontar Software License Agreement to reflect (a) Telcontar's corporate name change and (b) new pricing, the original text of the Telcontar Software License Agreement and Exhibit B of such Telcontar Software License Agreement are hereby amended as follows:

1. In all cases throughout the Agreement, the name "Telcontar" shall be replaced with "deCarta" to reflect the corporate name change of Telcontar, effective June 13, 2006.

2. **Exhibit B**: Effective September 1, 2006, the Minimum Annual License Fee is €510,000.  The license fees associated with the unit sales of Licensee's Products and Services will be as follows:

| Number of Units | License Fee Per Unit |
|---|---|
| 0-100,000 | € 8.50 |
| 100,001 – 150,000 | € 7.65 |
| 150,001 + | € 7.01 |

Note: the License Fees as shown above are "stair-stepped" (i.e, the first 100,000 units are priced at € 8.50, the next 50,000 are priced at € 7.65, etc.)

Reporting and Payment: Licensee will continue to report its unit sales on a quarterly basis to deCarta.  Licensee will pay deCarta quarterly based on units sold.  If by the end of the contract year, Licensee has not sold €510,000, Licensee will be responsible for the difference and remit payment within thirty (30) days of the end of the contract year.

All other terms and conditions of the Telcontar Software License Agreement remain unchanged.

The parties have caused this Amendment to be executed as of the Effective Date by their duly authorized representatives.

LICENSEE:

By: [signature]

Name: JONATHAN BATE

Title: CEO

Date: 11/09/06

deCarta, Inc.

By: [signature]

Name: Jeanne Angelo-Pardo

Title: Chief Financial Officer deCarta, Inc.

Date: 9-28-06