PHILLIP F. SHINN, SBN 112051
FOX ROTHSCHILD, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
415/364-5540 // FAX: 415/391-4436
pshinn@foxrothschild.com

ATTORNEYS FOR DEFENDANT
GEOSENTRIC OYJ

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DECARTA, INC.,

Plaintiffs,

v.

GEOCENTRIC OYJ.

Defendant.

**Case No.: C08 02620 (RS)**

| | | |
|---|---|---|
| Date | : | 6 August 2008 |
| Time | : | 9:30 a.m. |
| Courtroom | : | 4, 5th Floor |
| Judge | : | Hon. Richard Seeborg |

***DEFENDANT/COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE, MOTION TO STRIKE PURSUANT TO RULE 1k20(f)***

Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436

Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436

Plaintiff and Counterclaim Defendant DECARTA, INC. ("DECARTA") has filed a motion to dismiss, in "its entirety", the counterclaim by Defendant and Counterclaimant GEOCENTRIC.OYJ ("GEOCENTRIC"). No discovery has been conducted yet in the case. DECARTA imports selective exhibits and one declaration into its motion, presumes that there are no disputed facts and argues that dismissal is mandated as a matter of law. GEOSENTRIC assets that DECARTA has confused the requirements of pleading, which may be the subject of a motion to dismiss, with those of proof, which may not. The motion should be denied.[1]

The gravamen of GEOCENTRIC's counterclaim, as pleaded, is that DECARTA contractually promised in 2005 to provide navigational software for insertion in GEOSENTRIC's mobile telephones, in return for which GEOSENTRIC agreed to pay a certain fee. The software functioned too slowly to be of use to drivers navigating in western Europe. As a result, DECARTA orally promised GEOSENTRIC, during negotiations that occurred in 2006, to provide routing engines that would compress required data onto a 1GB card that would fit into the mobile telephone. That new promise was made in consideration of GEOSENTRIC's promise to pay DECARTA a six hundred and eighty-four percent (684%) increase in the fee that had been established in the 2005 contract. In addition, DECARTA promised to draft an amendment to the 2005 contract reflecting these new terms. DECARTA never drafted that contract or supplied a routing engine compressed sufficiently so as to fit into the card used in the telephone. The facts alleged in the counterclaim set forth the dates of the original express contract and

---

[1] Rule 12(b)(6) notes that if matters outside the pleading are presented to the Court and not excluded, the notice shall be treated as one for summary judgment as provided in Rule 56. DECARTA has not mentioned Rule 56 in its papers nor has it presented any specific facts as beyond genuine issue. Accordingly, GEOSENTRIC will proceed as though this is a Motion to Dismiss, subject to the familiar rules that the District Court may not consider any material beyond the pleadings, that all material allegations must be accepted as true, and that all allegations will be deemed as true and construed in the light most favorable to cross-complainant GEOSENTRIC *Maffei v. Allstate California Ins. Co.* 412 F. Supp. 2d 1049 (E.D. Cal. 2006). If the District Court deems the matter a Rule 56 motion, GEOSCENTRIC respectfully requests leave to file materials pertinent to such a motion.

subsequent oral contract, the parties to the contracts, the relevant terms of the contracts, the nature of the breaches and damages. GEOSENTRIC has pleaded five causes of action: rescission of the 2005 express contract; breach of the 2005 express contract; breach of express warranty; breach of implied warranty of merchantability; and breach of the 2006 oral contract.

## ISSUES TO BE DECIDED

### A. deCarta's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

**1. Whether Defendant's Counterclaim should be permitted to proceed in light of the clear warranty disclaimer and limits on liability.**

DECARTA's position is summarized by it as follows:

> "Unable to plead, much less prove, compliance with the Limited Product Warranty, any claim premised on its breach (and any claim based on any other contractual or warranty breach) is barred and should accordingly be dismissed." (O/B p. 8, lines 26-28.)

The reference is to the Limited Product Warranty in the 2005 contract. That warranty states as follows:

> "[DECARTA] warrants to [GEOSENTRIC] that for the period of one year after the date of delivery to [GEOSENTRIC] the Products will function in all material respects in accordance with [DECARTA's] published user documentation." (Counterclaim, Exh. A, ¶ 7.1)

GEOSENTRIC has alleged that DECARTA's product failed to function in accordance with the documentation, in that it functioned too slowly to be of use to drivers while navigating on certain roads in western Europe. This is a straight-forward pleading of a cause of action for breach of warranty (and breach of contract). At this pleading stage, GEOSENTRIC does not have to "plead" or "prove" anything to contradict assertions like the following in DECARTA's brief: "the counter-claim…avoids articulating how or why the....software did not meet the undisclosed standards…" (O/B p. 7, lines 14-15).

Nor does GEOSENTRIC have to allege "any inherent flaw or defect in the software" as the motion states the counterclaim should, in order to overcome another, separate disclaimer in the contract (O/B p. 7, line 23). A plaintiff does not have to plead or prove that he was not

Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436

negligent himself in order to state or maintain a cause of action in negligence against a defendant. The same principle applies here. Whether or not DECARTA's product functioned in all material respects in accordance with its published user documentation is a matter of proof, not of pleading.

GEOSENTRIC has an identical response to DECARTA's assertion that GEOSENTRIC could only bring a cause of action for breach of warranty if it pleaded that it "had returned all of the allegedly non-conforming goods within one year of that delivery and….DECARTA had failed to refund the license fee paid…" (O/B p. 8, lines 22-25). Again, DECARTA is confusing pleading with proof. The quote does not refer to essential elements of a cause of action for a breach of contract or breach of warranty. Matters of proof are irrelevant, indeed immaterial, in a motion to dismiss.

DECARTA's other disclaimers refer to the "Sole Remedy" and "Disclaimer" provisions found in the contract (Counterclaim, Exh. A, ¶¶ 7.3, 8.4). The former states that GEOSENTRIC's "sole and exclusive remedy" for the breach of warranty will be for DECARTA to "correct" the failed product, provide a "reasonable procedure to circumvent the non-conformity" or, "refund the License Fees." Whether or not DECARTA corrected the product or provided a reasonable procedure to circumvent the non-conformity are questions of fact, subject to proof. Plainly, GEOSENTRIC has pleaded that it seeks the return of License Fees.

As for the disclaimer provision, it states DECARTA does not warrant that its product "will meet" GEOSENTRIC's "requirements" (the issue pleaded, however, is whether the product meets <u>DECARTA's</u> standard). Further, DECARTA does not warrant that its product will operate in the combinations that GEOSENTRIC "may select for use". Finally, DECARTA does not warrant that the operation of the product will be error free or uninterrupted or that all product errors will be corrected. Again, whether or not any of these factors existed or are even relevant are matters of evidence and proof, not necessary elements of proper pleading.

**2. Whether Defendant's First Claim for rescission of the Original 2005 License fails as a matter of law given GEOSENTRIC's failure to allege with any degree of particularly the facts underlying the alleged misrepresentation and in light of the fact that**





Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436

**the Original 2005 License was previously terminated months earlier due to GEOSENTRIC's failure to pay.**

GEOSENTRIC withdraws its cause of action for rescission.

**3. Whether Defendant's Second Claim for alleged breach of the Original 2005 License fails in light of GEOSENTRIC's failure to allege the basis for the purported breach of contract.**

DECARTA's position is that the Second Counterclaim "seeks damages for an undisclosed breach of the Original 2005 License." (O/B p. 11, lines 10-11). DECARTA recognizes that GEOSENTRIC alleged that "DECARTA materially breached the original agreement by failing to provide route calculation software that functioned in accordance with Telcontar's published user documentation, in that the route calculation software functioned too slowly to be of use to drivers which navigating on roads in certain regions of western Europe". (O/B p. 11, line 28 through p. 12, line 3). DECARTA asserts, however, that this pleading is a "rehash" of GEOSENTRIC's "flawed" breach of express warranty. DECARTA states that the Second and Third Counterclaims are "entirely redundant", that GEOSENTRIC is not permitted to "split a single cause of action" and to the extent the breach of contract claim is based on the same breach of warranty theory, it must fail as well "for the reasons already articulated". (O/B p. 12, lines 3-10).

We do not understand DECARTA's argument. GEOSENTRIC's allegations set forth the basis for the breach of contract claim – failure to provide software that functioned, in that it was too slow to be of use, and resulting damages. The contract is identified. DECARTA admits its existence. What else is needed?

Nor do we understand DECARTA's reference to splitting. The same facts may allow a party to plead different theories of recovery. That is not the definition of splitting. DECARTA's argument is inapposite.

**4. Whether GEOSENTRIC's Third Claim for alleged breach of express warranty is time-barred in light of the fact that the "Limited Product Warranty" is only for a period of one year and whether the claim is further barred given GEOSENTRIC's**

Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436

**failure to exercise the "sole remedy" provisions set forth in Section 7.2 of the Original 2005 License.**

DECARTA asserts here that its Limited Product Warranty which warrants functionality of its product for one year, does not apply to GEOSENTRIC's "current breach of warranty claim" (O/B p. 12, lines 19-20). Again, we do not follow DECARTA's logic. DECARTA has pleaded the existence and breach by GEOSENTRIC of the 2005 contract that contains the warranty in question. GEOSENTRIC has pleaded a breach by DECARTA of that warranty. If DECARTA meant to argue that GEOSENTRIC has failed to meet the terms of that warranty, "namely return the goods within one year of <u>delivery</u> as required for a refund of its License Fees" (O/B p. 12, lines 22-23, our emphasis), then we reiterate what we have stated earlier: This is a matter of proof, not pleading. Moreover, it is irrelevant and immaterial, for purposes of this motion, for DECARTA to argue that it "had no contract obligation to guarantee problem-free software or software that functioned in connection with GEOSENTRIC's mobile phones" (O/B p. 12, lines 25-27).

**5. Whether Defendant's Fourth Claim for alleged breach of implied warranty of merchantability should be dismissed given the clear, unambiguous warranty disclaimer.**

DECARTA asserts that the warranty disclaimer in the 2005 contract mandates dismissal of GEOSENTRIC's Fourth Cause of Action for breach of implied warranty of merchantability. DECARTA cites to case law and the California Commercial Code in support of the proposition that a contract may limit the remedies available under the Commercial Code. That code, however, also states

> "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy made be had as provided in this code." Cal. Comm. Code §2719 (2).

GEOSENTRIC has alleged that DECARTA made promises with respect to its products that became a part of the basis of the bargain and that the products did not conform to that promise. Those allegations set forth facts sufficient to state a cause of action for implied warranty of merchantability. Whether or not the circumstances caused the warranty disclaimer to fail of its essential purpose, is ultimately a mixed question of fact and law. Any determination

Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436

Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436

by the District Court of the applicability of the disclaimer is dependent on settled facts. Those facts remain to be established. They exist outside the four corners of the counterclaim and are therefore beyond the scope of a motion to dismiss.

**6. Whether Defendant's Fifth Claim base on oral contract should be dismissed since the Original 2005 License expressly bars oral modifications.**

DECARTA argues that the integration provision in the amendment and contract precludes GEOSENTRIC from pleading an oral contract. Leaving aside for a moment the question whether the parol evidence rule (upon which the integration provision is based) is a rule of evidence (and thus in most instances a question of fact) or a rule of construction (and thus a question of law), the pleadings being challenged allege the creation of an oral contract separate from the original express contract. DECARTA concludes that the second amendment, attached as Exhibit 2 to its motion, reflects the only agreement reached between the parties in 2006 ("The Second Amendment…..debunks the theory that the parties orally agreed to amend the Original 2005 License as alleged") (O/B p. 16, lines 5-6). But this conclusion is based solely on DECARTA's own deductions: The Second Amendment was executed on August 31, 2006 and it refers to an increase in fees. To DECARTA, the fact that the amendment does not refer "in any way" to supply obligations or to routing engines means that the amendment is the only contract that may be considered and that it must be interpreted only as DECARTA proposes, as a matter of law.

The facts and circumstances surrounding the creation of a contract are always admissible into evidence. *Universal Sales Corp. v. California Press Mfg. Co.* (1942) 20 Cal.2d. 751,761. The interpretation of a contract itself involves a two step process. The District Court must determine from the extrinsic evidence concerning the parties' intentions, and the circumstances surrounding the creation of the contract, whether the language used is reasonably susceptible to one or more interpretations. Extrinsic evidence may never detract from or vary the terms of a written contract. However, the terms must first be determined. Extrinsic evidence may be admissible to prove a meaning to which the contract may be reasonably susceptible. *Pacific Gas & Electric Co. v. G. W. Thomas Drayage & Rigging Co.* (1985) 69 Cal.2d. 33. If there is no

factual dispute concerning the evidence, the Court interprets the contract as a matter of law. DECARTA seeks with its motion to leapfrog that process. It may not deny GEOSENTRIC the right to present its evidence, particularly regarding the facts and circumstances surrounding the enormous increase in the fees that were alleged to have been incurred in return for DECARTA's supplying of a new telephone card.

**B. deCarta's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).**

**1. Whether GEOSENTRIC's claims for compensatory damages "in excess of $1,000,000" should be stricken pursuant to Federal Rule of Civil Procedure Rule 12(f) as immaterial in light of the contractual limits on liability, including the waiver of any right to consequential damages.**

DECARTA seeks to strike GEOSENTRIC's claim and prayer for $1,000,000 in damages as immaterial. Its rationale is by now familiar: Consequential damages are barred by a provision in the contract waiving them as well as by a provision limiting damages.

As set forth above, whether or not the contract provisions referred to are relevant to the damages issue raised by DECARTA, depends on the existence and terms of the alleged oral contract. DECARTA asserts that no oral contract exists, as a matter of law. GEOSENTRIC asserts that that determination cannot be made at this stage in the proceedings. The motion to strike should be dismissed.

## CONCLUSION

GEOSENTRIC's argument, stated succinctly, is that it has pleaded facially proper causes of action while DECARTA has filed what is tantamount to a disguised motion for summary judgment. GEOSENTRIC has the right to present evidence, and DECARTA must prove its defenses. The facts have not been developed, let alone settled. The counterclaim cannot be disposed of as a matter of law at this stage of the proceedings. The motion to dismiss should be denied.

DATED: July 16, 2008

Respectfully submitted,

/s/ Phillip F. Shinn

PHILLIP F. SHINN
ATTORNEYS FOR DEFENDANT GEOSENTRIC OYJ

Fox Rothschild, LLP
235 Pine Street, Suite. 1500
San Francisco, CA 94104-2734
Tel: 415 364-5540, Fax: 415 391-4436