1  PATRICK E. PREMO (CSB NO. 184915)
   ppremo@fenwick.com
2  DENNIS M. FAIGAL (CSB NO. 252829)
   dfaigal@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA 94041
5  Telephone:   (650) 988-8500
   Facsimile:   (650) 938-5200
6
   MARY E. MILIONIS (CSB NO. 238827)
7  mmilionis@fenwick.com
   FENWICK & WEST LLP
8  555 California Street, 12th Floor
   San Francisco, CA 94104
9  Telephone:   (415) 875-2300
   Facsimile:   (415) 281-1350
10
11 Attorneys for Plaintiff
   deCarta, Inc.
12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17 DECARTA, INC.                    Case No. C08 02620 (RS)

18           Plaintiff,             **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE, MOTION TO STRIKE PURSUANT TO RULE 12(f)**

19    v.

20 GEOSENTRIC OYJ,

21           Defendant.

22                                  Date:       August 6, 2008
                                    Time:       9:30 a.m.
23                                  Courtroom: 4, 5th Floor
                                    Judge:      Hon. Richard Seeborg
24

25

26

27

28

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1
I. GEOSENTRIC MISSTATES THE PROPER STANDARD FOR ADJUDICATING DECARTA'S MOTION TO DISMISS .................................. 1
II. THE EXPRESS WARRANTY DISCLAIMERS AND LIMITATIONS ON LIABILITY BAR GEOSENTRIC'S COUNTERCLAIMS IN THEIR ENTIRETY ............................................................................................. 3
III. THE SECOND COUNTERCLAIM FOR BREACH OF CONTRACT AND THIRD COUNTERCLAIM FOR BREACH OF EXPRESS WARRANTY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM .................................................................................................... 4
    A. Having Neither Pled Nor Attached the Terms of the User Documentation Allegedly Breached by deCarta, the Second Counterclaim for Breach of Contract Should be Dismissed For Failure to State a Claim. ................................................................ 5
    B. The Third Counterclaim for Breach of Express Warranty Should be Dismissed as Valid Warranty Limitations Bar the Relief Geosentric Seeks .................................................................. 6
IV. THE FOURTH CLAIM FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY SHOULD BE DISMISSED AS THE ORIGINAL 2005 LICENSE VALIDLY DISCLAIMS ALL IMPLIED WARRANTIES ........ 7
V. UNABLE TO ORALLY AMEND THE ORIGINAL 2005 LICENSE, GEOSENTRIC CANNOT STATE A CLAIM FOR BREACH OF AN ORAL AMENDMENT ......................................................................................... 8
VI. ALLEGATIONS OF DAMAGES "IN EXCESS OF $1,000,000" SHOULD BE STRICKEN AS IMMATERIAL IN LIGHT OF THE CONTRACTUAL LIMITS ON DECARTA'S LIABILITY AND WAIVER OF CONSEQUENTIAL DAMAGES ................................................. 11
CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Admiral Oil Co. v. Lynch,*
   188 Cal. App. 2d 269 (1961) .................................................................................. 9, 10

*Airlift International, Inc. v. McDonnell Douglas Corp.,*
   685 F.2d 267 (9th Cir. 1982) ............................................................................................ 8

*Anderson v. Clow,*
   89 F.3d 1399 (9th Cir. 1996) ........................................................................................... 3

*Award Medals, Inc. v. Superior Court,*
   228 Cal. App. 3d 1128 (1991) ......................................................................................... 5

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1988) ........................................................................................... 2

*Bell Atlantic v. Twombly,*
   127 S. Ct. 1955 (2007) .................................................................................................... 2

*Branch v. Tunnell,*
   14 F.3d 449 (9th Cir. 1994) ............................................................................................. 3

*Casa Herrera, Inc. v. Beydoun,*
   32 Cal. 4th 336 (2004) ................................................................................................... 10

*City of Oakland v. Comcast Corp.,*
   C-06-5380, 2007 U.S. Dist. LEXIS 14512 (N.D. Cal. Feb. 14, 2007) .................. 9, 10, 11

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ............................................................................................. 2

*Galbraith v. County of Santa Clara,*
   307 F.3d 1119 (9th Cir. 2002) ......................................................................................... 3

*Haggard v. Kimberly Quality Care, Inc.,*
   39 Cal. App. 4th 508 (1995) ..................................................................................... 10, 11

*Holcomb v. Wells Fargo Bank, N.A.,*
   155 Cal. App. 4th 490 (2007) .......................................................................................... 6

*In re Complaint of McLinn,*
   739 F.2d 1395 (9th Cir. 1984) ......................................................................................... 8

*Inter-Mark USA v. Intuit Inc.,*
   C-07-04178, 2008 U.S. Dist. LEXIS 18834 (N.D. Cal. Feb. 27, 2008) ......................... 7

*Johnson v. GMRI, Inc.,*
   CV-F-07-0283, 2007 U.S. Dist. LEXIS 40176 (E.D. Cal. May 21, 2007) ................... 11

*Knievel v ESPN,*
   393 F.3d 1068 (9th Cir. 2005) ......................................................................................... 3

*LeDuc v. Kentucky Cent. Life Ins. Co.,*
   814 F. Supp. 820 (N.D. Cal. 1992) ................................................................................ 11

*Long v. Hewlett-Packard, Co.,*
   No. C 06-02816, JW 2007 U.S. Dist. LEXIS 79262 (N.D. Cal. July 27, 2007) ............. 7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.*,
  319 F. Supp. 2d 1040 (C.D. Cal. 2003) .............................................. 8, 11

*Neu v. Terminix Int'l, Inc.*,
  C-07-6472, 2008 U.S. Dist. LEXIS 32844 (N.D. Cal. Apr. 8, 2008) ............... 6

*North Star Int'l v. Ariz. Corp. Comm'n*,
  720 F.2d 578 (9th Cir. 1983) ............................................................ 2

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................... 7

*Parrish v. NFL Players Assn.*,
  534 F. Supp. 2d 1081 (N.D. Cal. 2007) ............................................. 5

*Rietveld v. Rosebud Storage Partners*,
  121 Cal. App. 4th 250 (2004) .......................................................... 5

*Rodrigues v. Campbell Indus.*,
  87 Cal. App. 3d 494 (1978) ............................................................. 5

*S.M. Wilson & Co. v. Smith Int'l, Inc.*,
  587 F.2d 1363 (9th Cir. 1978) ......................................................... 7

*San Chirico v. Merrill Lynch, Pierce, Fenner & Smith*,
  No. C99-2263, 1999 U.S. Dist. LEXIS 20180 (N.D. Cal. Dec. 13, 1999) ......... 6

*Shakey's Inc. v. Covalt*,
  704 F.2d 426 (9th Cir. 1983) .......................................................... 3

*Springate v. Weighmasters Murphy, Inc.*,
  217 F. Supp. 2d 1007 (C.D. Cal. 2002) ............................................. 3

*Stafford v. Russell*,
  117 Cal. App. 2d 326 (1953) ........................................................... 9

*Thomas v. Walt Disney Co.*,
  No. C-07-4392 CW, 2008 U.S. Dist. LEXIS 14643 (N.D. Cal. Feb. 14, 2008) ... 2

*Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*,
  617 F.2d 936 (2nd Cir. 1980) ....................................................... 4, 8

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ........................................................ 8

*Whipple Indus., Inc. v. Opcon AB*,
  CV-F-05-0902, 2005 U.S. Dist. LEXIS 27564 (E.D. Cal. Sept. 7, 2005) ........ 9

*Wm. E. Doud & Co. v. Smith*,
  256 Cal. App. 2d 552 (1967) ........................................................... 9

**STATUTES**

Cal. Comm. Code § 2209(2) ............................................................ 10

Cal. Comm. Code § 2719(1)(a) ......................................................... 11

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**INTRODUCTION**

For nearly three years, Defendant and Counterclaimant Geosentric, OYJ ("Geosentric") sold mobile phones incorporating Plaintiff deCarta, Inc.'s ("deCarta") licensed software (the "Software"). For the last two years, Geosentric has failed to pay more than $600,000 in license fees owed to deCarta for use of that software. Only now, faced with deCarta's underlying complaint seeking to collect the outstanding license fees, has Geosentric filed a number of fraud, contract and warranty based claims that, in light of the Telcontar[1] Software License Agreement (the "Original 2005 License")[2] and its properly executed written amendments,[3] fail as a matter of law. Confronted with the contractual terms governing its relationship with deCarta, Geosentric's Opposition to deCarta's motion to dismiss and motion to strike (Docket No. 14) ("Opposition" or "Opp.") misstates the pleading standard, ignores the terms of the Original 2005 License, and posits new theories not pled in its Counterclaim. The Opposition makes no attempt to reconcile the few facts Geosentric does plead with the controlling terms of the parties' agreement. Accordingly, Geosentric's claims for rescission,[4] breach of written agreement, breach of express warranty, breach of the implied warranty of merchantability, and breach of oral agreement must be dismissed.

I.  **GEOSENTRIC MISSTATES THE PROPER STANDARD FOR ADJUDICATING DECARTA'S MOTION TO DISMISS**

Each of Geosentric's Counterclaims amount to little more than "labels, conclusions, and a formulaic recitation of the elements of a cause of action" which are insufficient to withstand

---

[1] The Original 2005 License was executed by deCarta's predecessor in interest, Telcontar, Inc. ("Telcontar") and Geosentric's predecessor in interest, Benecap, Ltd. ("Benecap"). *See* MTD at 2:16-3:23 (relationship of the parties, their predecessors in interest, and execution of the Original 2005 License and its amendments).
[2] Geosentric attaches a copy of the Original 2005 License as Exhibit A to the Counterclaim. Unless otherwise noted, citations to the Original 2005 License will be referenced as "Original 2005 License § __."
[3] Amendment #1A (the "First Amendment") and Amendment #2 (the "Second Amendment") to the Original 2005 License are attached as Exhibits 1 and 2, respectively, to deCarta's Request for Judicial Notice (Docket No. 11) and authenticated by the Declaration of Jeanne Angelo-Pardo. *See* ¶¶ 2-3.
[4] Geosentric withdrew its claim for rescission in its Opposition. *See* Opp. at 4:3. In light of this action and in the interest of judicial economy, deCarta will not further address this claim on Reply and respectfully requests that the Court dismiss Geosentric's first counterclaim for rescission for the reasons set forth in Section II of the Motion to Dismiss. *See* MTD at 9:7-11:7.

-1-

deCarta's motion to dismiss. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Such motion may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). deCarta's motion is based on both grounds—the warranty disclaimers and limitations in the Original 2005 License preclude the claims alleged by Geosentric as a matter of law and, in any event, the facts alleged in the Counterclaim and Answer demonstrate that Geosentric cannot plead (much less prove) facts to maintain its claims.

It is not, as Geosentric claims, enough to simply plead in a conclusory fashion that there was a contract and then claim it was somehow breached. *See, e.g.,* Opp. at 2:22-23 ("At this pleading stage, GEOSENTRIC does not have to 'plead' or 'prove' anything to contradict [deCarta's] assertions"). Indeed, Geosentric provides no legal authority for its contention that this Court must accept its claims wholesale without reference or reliance on any of the facts alleged in its Counterclaim. *See, generally,* Counterclaims. But "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" a plaintiff is required "to provide the 'grounds' of his 'entitle[ment] to relief'. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true." *Bell Atlantic*, 127 S. Ct. at 1964-1965. In ruling on deCarta's motion to dismiss, the contradictory, conclusory, and "unwarranted deductions of fact or unreasonable inferences" proffered by Geosentric should be disregarded in favor of the written contractual terms agreed to by these two sophisticated parties as a result of arm's length business negotiations. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). Having pled itself into a corner, the Counterclaims should be dismissed.

In deciding so, this Court can turn to a limited set of documents outside of the pleadings whose authenticity no party questions and on which the counterclaims necessarily rely. *Thomas v. Walt Disney Co.*, No. C-07-4392 CW, 2008 U.S. Dist. LEXIS 14643, at *5 n.1 (N.D. Cal. Feb. 14, 2008); *see generally* Request for Judicial Notice. In bringing its action for breach of

-2-

contract and related warranties, Geosentric relies upon and attaches the Original 2005 License by reference but conveniently ignores the fully executed, written amendments to that agreement. Properly executed amendments are part of and should be read in concert with the original agreement. *Shakey's Inc. v. Covalt*, 704 F.2d 426, 434 (9th Cir. 1983). Crucially, Geosentric admits in the Opposition that "[t]he Second Amendment was executed on August 31, 2006 and it refers to an increase in fees." At 6:15-16. Judicial admissions made in Geosentric's Answer are also properly the subject of judicial notice. *Springate v. Weighmasters Murphy, Inc.*, 217 F. Supp. 2d 1007, 1013 (C.D. Cal. 2002). Thus the Second Amendment and Answer are properly subject to judicial notice and are properly before this Court for purposes of deciding the pending motion.[5] *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1124 (9th Cir. 2002)). deCarta respectfully requests that this Court take judicial notice of the First and Second Amendments and the Answer for the reasons laid out in the Request for Judicial Notice.

## II.  THE EXPRESS WARRANTY DISCLAIMERS AND LIMITATIONS ON LIABILITY BAR GEOSENTRIC'S COUNTERCLAIMS IN THEIR ENTIRETY

As set forth in the opening papers, Geosentric's Counterclaims fail because the terms of its agreement with deCarta expressly disclaim any liability for the purported product failure alleged by Geosentric, *i.e.* that the software allegedly "functioned too slowly to be of use to drivers while navigating on roads in certain regions of Western Europe." Counterclaim ¶ 9; *see also* ¶ 19 ("Geosentric . . . [was] unable to distribute and sell mobile phone [sic] containing the driving route calculation software as warranted by Telcontar"); ¶ 7 ("Telcontar agreed to supply driving route software for inclusion in mobile phones"). Fatal to the claims based on these allegations is the undisputed fact that Geosentric disclaimed any liability for use of the software

---

[5] The sum total of Geosentric's response to the Request for Judicial Notice is that the Court's reliance on the Amendments and the Answer would transform the motion to dismiss into one for summary judgment. That is not the law. Courts of the Ninth Circuit regularly rely upon documents outside of the pleadings that are properly subject to judicial notice and doing so does not reclassify the nature of the motion. *See Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (the court considered the full text of a Prospectus that was only selectively quoted in the complaint noting "that such consideration is appropriate in the context of a motion to dismiss, and does not convert the motion into one for summary judgment"); *see also Knievel v ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (collecting cases).

-3-

as "operate[d] in the combinations that [Geosentric] may select for use." Original 2005 License § 7.3. The entire disclaimer, conspicuously absent from the Opposition, reads as follows:

> 7.3   *Disclaimer.* Telcontar does not warrant that the Products will meet Licensee's requirements, that the Products will operate in the combinations that Licensee may select for use, that the operation of the Products will be error free or uninterrupted or that all Product errors will be corrected. TELCONTAR DISCLAIMS ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INLCUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, NONINFRINGEMENT, QUIET ENJOYMENT AND WARRANTIES ARISING OUT OF COUSE OF DEALING, USAGE, OR TRADE.

Even if the Original 2005 License had not expressly disclaimed and limited the warranties at issue, the remedies available to Geosentric bar the $1 million in consequential damages it seeks. *See* Original 2005 License § 7.2. Had Geosentric returned the software within a year of its delivery, it would then have been entitled to have the Software corrected or to receive a reasonable workaround of the problem. The right remained with deCarta to determine which of these remedies it would provide or, alternatively, refund the license fees paid by Geosentric upon the return of the Software. Having affirmatively pled that it did not return the Software until well after the warranty expired, it has no remedy, and thus no damages, for the claims it seeks. *See Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*, 617 F. 2d 936, 941 (2nd Cir. 1980) (applying California law and denying remedies beyond those allowed by the parties contract as there was "no contention that McDonnell was either unwilling or unable to correct the alleged defects").

### III.   THE SECOND COUNTERCLAIM FOR BREACH OF CONTRACT AND THIRD COUNTERCLAIM FOR BREACH OF EXPRESS WARRANTY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

As an initial matter, the Counterclaims for breach of contract and breach of express warranty rely on the identical set of facts and allegations. Geosentric's Opposition does not dispute this point. A cursory examination of Geosentric's Counterclaim demonstrates that both the breach of contract and breach of express warranty claims are redundant:

> 9.    DeCarta materially breached the Original Agreement by failing to provide route calculation software that functioned in accordance with Telcontar's published user documentation, in that the route calculation software functioned too slowly to be of use to drivers while navigating on roads in certain regions of

-4-

Western Europe.

. . . .

21.    DeCarta breached the express warranty contained in paragraph 7.1 of the Original Agreement by failing to provide licensed driving route calculation software that performed to the standards agreed upon.

Counterclaims ¶¶ 9 (breach of contract), 21 (breach of express warranty).

Regardless of the label attached to the particular cause of action, under California law redundant claims should be dismissed as superfluous. *See, e.g., Award Medals, Inc. v. Superior Court*, 228 Cal. App. 3d 1128, 1135 (1991) (demurrer should be sustained when the additional causes of action add nothing to the complaint by way of fact or theory); *Rodrigues v. Campbell Indus.*, 87 Cal. App. 3d 494, 501 (1978) (where a cause of action "adds nothing to the complaint by way of fact or theory of recovery . . . [a] demurrer [is] properly sustained <u>without leave to amend as to that cause</u>") (emphasis added). Without legal support, Geosentric asserts that "the same facts *may* allow a party to plead different theories of recovery." Opp. at 4:23-24 (emphasis added). However, Geosentric offers nothing to support that its breach of contract and breach of express warranty claims plead different theories. Instead, they are both premised on the same contract term (breach of § 7.1), the same alleged action by deCarta (failure to provide Software that met the User Documentation requirements), and seek the same damages (return of license fees). *Compare* Counterclaims ¶¶ 7-9 and 17-19 *with* ¶¶ 7-9 and 20-23; *see also Rietveld v. Rosebud Storage Partners*, 121 Cal. App. 4th 250, 253 n.2 (2004) (declining to separately analyze a claim entirely redundant of one for breach of contract). Accordingly, the redundant breach of express warranty claims should be dismissed.

A.    **Having Neither Pled Nor Attached the Terms of the User Documentation Allegedly Breached by deCarta, the Second Counterclaim for Breach of Contract Should be Dismissed For Failure to State a Claim.**

The rule is not, as the Opposition posits, that to withstand a motion to dismiss a counterclaimant need merely assert legal conclusions that (a) there was an agreement and (b) that it was breached. *See* Opp. 4:19-22. Instead, the Counterclaim must set forth the terms or legal effect of the contract allegedly breached. *Parrish v. NFL Players Assn.*, 534 F. Supp. 2d 1081, 1094 (N.D. Cal. 2007) (dismissing contract claim for failure to allege what provisions were

-5-

breached).

Here, Geosentric attached only the Original 2005 License itself and did not attach or allege what term of deCarta's user documentation was breached. *See* Counterclaim ¶ 9 (deCarta failed "to provide route calculation software that functioned in accordance with Telcontar's published user documentation"). Even under Rule 8(a)'s liberal pleading standard, Geosentric's Counterclaim fails to notify deCarta of what User Documentation functionality requirement has allegedly been breached. *See Neu v. Terminix Int'l, Inc.*, C-07-6472, 2008 U.S. Dist. LEXIS 32844, at *9-10 (N.D. Cal. Apr. 8, 2008) (dismissing contract claim for failure to attach contract or specify the contractual terms breached); *San Chirico v. Merrill Lynch, Pierce, Fenner & Smith*, No. C99-2263, 1999 U.S. Dist. LEXIS 20180, at *3-4 (N.D. Cal. Dec. 13, 1999) (granting motion to dismiss for failure to identify provision allegedly breached); *see also Holcomb v. Wells Fargo Bank, N.A.*, 155 Cal. App. 4th 490, 501 (2007) (sustaining demurrer for failure to state a claim where complaint did not specify the allegedly breached terms).

### B. The Third Counterclaim for Breach of Express Warranty Should be Dismissed as Valid Warranty Limitations Bar the Relief Geosentric Seeks.

The warranty limitations in the Original 2005 License provide an independent ground for dismissing the breach of warranty counterclaim. As before, Geosentric asks the Court to selectively ignore the scant facts it has alleged in defense of its breach of express warranty claim. It contends that it remains to be proven that Geosentric "failed to meet the terms of the warranty." Opp. at 5:8. Yet the Counterclaim and Answer clearly demonstrate that during the duration of deCarta's express warranty it never complied with the return requirement. Only <u>after</u> the one-year warranty expired did Geosentric seek to return any product. Original 2005 License § 7.1 (limiting warranty to a period of one year); Counterclaim ¶ 14.

Geosentric admits that by 2006 it was aware that the route calculation software functioned too slowly as used on its mobile phones. Yet the software remained unreturned until November 2007 when deCarta demanded the return for failure to pay licensing fees. Answer ¶¶ 11, 14. Even then, Geosentric continued to sell phones containing the software through February 8, 2008—well over a year since both the delivery of the Software and since Geosentric learned of

-6-

1  the alleged defects. *Id.* at ¶ 14; Counterclaim ¶ 27 (alleging Geosentric knew of the alleged
2  defects "in the second half of 2006"). "Indeed, the purpose of a warranty is to contractually mark
3  the point in time during the useful life of a product when the risk of paying for repairs shifts from
4  the manufacturer to the consumer." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 972
5  (N.D. Cal. 2008) (dismissing warranty claim where defect arose after the expiration of the limited
6  express warranty).

7  Even had the warranty period not expired, the warranty did not cover the type of problem
8  Geosentric claims. The warranty was limited to the software itself and did not reach the
9  performance of the software as integrated with Geosentric's mobile phones. Section 7.3 of the
10 Original 2005 License disclaims "that the Product will meet Licensee's requirements that the
11 Products will operate in the combinations that Licensee may select for use, that the operation of
12 the Products will be error free or uninterrupted or that all Products will be corrected." Yet the
13 <u>only</u> defect alleged by Geosentric is <u>how the software worked on its mobile phones</u>. *See*
14 Counterclaims ¶ (alleging defects related to performance of the route calculation software on
15 Geosentric's mobile phones); *see also* ¶ 19 (same). Having pled a warranty breach that was
16 expressly disclaimed, section 7.3 provides independent grounds for dismissing Geosentic's
17 express warranty claim. *See, e.g., Long v. Hewlett-Packard, Co.*, No. C 06-02816 JW, 2007 U.S.
18 Dist. LEXIS 79262, at *12, *22 (N.D. Cal. July 27, 2007)

19 **IV. THE FOURTH CLAIM FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY SHOULD BE DISMISSED AS THE ORIGINAL 2005**
20 **LICENSE VALIDLY DISCLAIMS ALL IMPLIED WARRANTIES.**

21 In its Opposition, Geosentric effectively concedes that the Original 2005 License
22 conspicuously disclaims the implied warranty of merchantability mandating, under well
23 established California law, the dismissal of the fourth cause of action. *See* Opp. at 5:19-20; *see*
24 *also Inter-Mark USA v. Intuit Inc.*, C-07-04178, 2008 U.S. Dist. LEXIS 18834, at *23 (N.D. Cal.
25 Feb. 27, 2008) (granting motion to dismiss implied breach of software license warranty claim
26 <u>without</u> leave to amend); *see also S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1372-
27 1373 (9th Cir. 1978).

28 In an attempt to salvage this claim, the Opposition raises, for the first time, the argument

-7-

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

that the disclaimer of the implied warranties should be disregarded because the limited express warranty failed of its essential purpose. Opp. at 5:20-6:3. This newly raised argument cannot save the claim for at least three independent reasons. *First*, Geosentric has not pled a single fact in support of this claim. It is well settled that, in the absence of facts justifying a contradictory inference, the language of attached agreements controls conclusory pleadings. *See, e.g., Warren* v. *Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (court need not accept as true allegations that contradict documents referred to in the complaint) (citation omitted). Here the Original 2005 License clearly, conspicuously, and effectively disclaims all implied warranties.

*Second*, from the facts present in the Counterclaims and Answer it is clear that Geosentric cannot plead failure of essential purpose. During the warranty period, Geosentric never afforded deCarta an opportunity to repair or replace the Software or returned the Software as required for a refund of license fees. Answer ¶¶ 14. Under California law, an aggrieved party "must provide [the other party] a reasonable opportunity to carry out the exclusive or limited remedy" before it can allege that remedy has failed. *Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1040, 1055 (C.D. Cal. 2003) (rejecting claim of failure of essential purpose where a remedy was never requested).

*Third*, Geosentric's reliance on section 2719(2) of the Commercial Code is misplaced. That section applies to the failure of "an exclusive or limited <u>remedy</u>" and has no application to the disclaimer of deCarta's <u>implied warranties</u>. Section 2719(2) only "becomes operative when a party is deprived of its contractual remedy." *Tokio Marine & Fire Ins.*, 617 F.2d at 941 (applying California law) (internal citations omitted); *see Airlift International, Inc. v. McDonnell Douglas Corp.*, 685 F.2d 267, 270 (9th Cir. 1982) (denying warranty based claims where plaintiff failed to take advantage of express warranties during their effective period) (overruled on other grounds by *In re Complaint of McLinn*, 739 F.2d 1395, 1402 (9th Cir. 1984).

V. **UNABLE TO ORALLY AMEND THE ORIGINAL 2005 LICENSE, GEOSENTRIC CANNOT STATE A CLAIM FOR BREACH OF AN ORAL AMENDMENT.**

Geosentric cannot maintain an action premised on an oral amendment to the Original 2005

-8-

1  License as that agreement specifically requires that "[a]ny waiver, modifications, or amendment
2  of any provisions of this Agreement will be effective only if in writing and signed by duly
3  authorized representatives of both parties." At § 12.9; *see e.g.*, *Wm. E. Doud & Co. v. Smith*, 256
4  Cal. App. 2d 552, 557-59 (1967) (demurrer properly sustained where plaintiffs sought to
5  introduce parol evidence of an oral agreement in conflict with terms of a written contract); *see
6  also Admiral Oil Co. v. Lynch*, 188 Cal. App. 2d 269, 271-72 (1961) (demurrer properly sustained
7  where alleged oral agreement naming plaintiff as trustee was entered into prior to written
8  agreement naming other parties as trustees); *Stafford v. Russell*, 117 Cal. App. 2d 326, 330 (1953)
9  (demurrer properly sustained without leave to amend when plaintiff alleged breach of an oral
10 contract contradictory to written agreement entered into contemporaneously). Geosentric has
11 admitted this is an amendment and not a separate contract. Counterclaim ¶ 11 ("DeCarta and
12 Benefon agreed to draft an <u>amendment</u> to the 'Original Agreement' that would contain the terms
13 set forth in Paragraph 10") (emphasis added).

14  Indeed, the distinction is academic as to whether or not the terms alleged by Geosentric
15 amount to an amendment or a new contract. No matter its characterization, the integration clause
16 referenced above bars a subsequent oral agreement on the same subject matter. As Judge Wilken
17 noted in *City of Oakland v. Comcast Corp.*, C-06-5380, 2007 U.S. Dist. LEXIS 14512, at *16-17
18 (N.D. Cal. Feb. 14, 2007), an integration clause "precludes any contemporaneous or subsequent
19 oral agreements that would materially change a matter within [the integrated agreement's] scope."
20 Here, Geosentric admits that the purported amendment would "increase [] the Minimum Annual
21 Licensing Fee (MALF) from 65,000 Euros in 2005, under the Original Agreement, to 510,000
22 Euros in 2006, an increase of some 684%"—an indisputably material change. Where an oral
23 agreement falls within subject matter of the integrated agreement "and would materially alter its
24 terms, it is void" precluding a claim for its breach. *City of Oakland*, 2007 U.S. Dist. LEXIS
25 14512, at *16-17 (granting motion to dismiss); *see also Whipple Indus., Inc. v. Opcon AB*, CV-F-
26 05-0902, 2005 U.S. Dist. LEXIS 27564, at *9-10 (E.D. Cal. Sept. 7, 2005) (granting motion to
27 dismiss claims in conflict with a fully executed agreement).

28  The Opposition attempts to confuse the issue by arguing that this Court cannot evaluate

-9-

DECARTA'S REPLY ISO OF MTN TO DISMISS &
MTN TO STRIKE COUNTERCLAIMS

CASE NO. C08 02620 (RS)

the validity of the alleged oral amendment at the pleading stage. That argument is a red herring. *First*, as noted above, any oral modification would be void and, in the face of an unambiguous integration, ripe for dismissal at the pleading stage. *See id.* Second, whether or not parol evidence as to the "facts and circumstances surrounding the creation" of the oral agreement could at some point be admissible is irrelevant to the threshold question of whether the Original 2005 License allows oral modifications. Opp. at 6:20. "Although the [parol evidence] rule results in the exclusion of evidence, it is not a rule of evidence *but is one of substantive law*." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (2004) (internal quotation marks omitted) (emphasis in original). Where, as here, the agreement is fully integrated on its face "[e]xtrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself." *Admiral Oil Co.*, 188 Cal. App. 2d at 272. Geosentric is bound by its agreement to only modify or amend the agreement via a writing rendering the alleged oral amendment a nullity and precluding any claim premised on its breach. *See City of Oakland*, 2007 U.S. Dist. LEXIS 14512 at *16-17; *Haggard v. Kimberly Quality Care, Inc.*, 39 Cal. App. 4th 508, 518 (1995).

Indeed, the parties in fact executed two such written amendments—one of which, the Second Amendment, further undermines this cause of action. In the Opposition, Geosentric admits that "[t]he Second Amendment was executed on August 31, 2006 and it refers to an increase in fees." Opp. at 6:15-16. Notably, the Second Amendment explicitly raised the MALF to the exact amount Geosentric bases the oral amendment on. *See* Second Amendment at 1 ("Effective September 1, 2006, the Minimum Annual License Fee is €510,000"). Nowhere in the Second Amendment is there a reference to deCarta's provision of a routing engine that would fit Western European road maps on a 1 gigabyte card. As the Second Amendment explicitly stated that "[a]ll other terms and conditions of the Telcontar Software License Agreement remain unchanged," necessarily including the integration clause noted above, it is the "type of signed agreement which excludes modification or rescission except by a signed writing [and] cannot be otherwise modified or rescinded." Cal. Comm. Code § 2209(2). No writing showing that deCarta was obliged to deliver the routing engines described in Paragraph 10 of the

-10-

1  Counterclaims exists. Accordingly, this claim should be dismissed.

## VI. ALLEGATIONS OF DAMAGES "IN EXCESS OF $1,000,000" SHOULD BE STRICKEN AS IMMATERIAL IN LIGHT OF THE CONTRACTUAL LIMITS ON DECARTA'S LIABILITY AND WAIVER OF CONSEQUENTIAL DAMAGES.

Geosentric's only response to deCarta's motion to strike the unfounded claims for compensatory damages in excess of $1,000,000 is to again posit that the determination of whether or not the oral agreement exists "cannot be made at this stage in the proceedings." Opp. at 7:16-18. As discussed above in Section VI, the issue is ripe for determination at the pleading stage in light of the integration clause of the Original 2005 License and the execution of the Second Amendment. *See City of Oakland*, 2007 U.S. Dist. LEXIS 14512 at *16-17; *Haggard*, 39 Cal. App. 4th at 518.

In the absence of a writing modifying the clear and conspicuous provisions limiting deCarta's liability, Sections 10.1 (establishing the license fees paid to deCarta as the upper limit on contract, tort and warranty damages) and 10.2 (excluding "ANY SPECIAL, INDIRECT, INCIDENTAL, OR CONSEQUENTIAL DAMAGES") of the Original 2005 License control. *See* Cal. Comm. Code § 2719(1)(a), (3) (allowing for contractual limitations on liability, including consequential damages); *see also Nat'l Rural Telecomms. Coop.*, 319 F. Supp. 2d at 1048 (limitations of liability provisions "have long been recognized in California").

The terms of the Original 2005 License and California law render the damages allegations seeking over $1,000,000 surplusage. Under Federal Rule of Civil Procedure 12(f) this type of "immaterial, impertinent, or scandalous matter" can be stricken from Geosentric's Counterclaim. *See Johnson v. GMRI, Inc.*, CV-F-07-0283, 2007 U.S. Dist. LEXIS 40176, at *20-21 (E.D. Cal. May 21, 2007) (striking as immaterial and impertinent damages claims that were unavailable as a matter of law); *see also LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation").

//

//

//

DECARTA'S REPLY ISO OF MTN TO DISMISS & MTN TO STRIKE COUNTERCLAIMS

CASE NO. C08 02620 (RS)

## CONCLUSION

For the foregoing reasons, deCarta respectfully requests that the Court grants its Motion to Dismiss Geosentric's Counterclaim in its entirety or, in the alternative, its Motion to Strike Geosentric's claims for compensatory damages.

Dated: July 23, 2008

FENWICK & WEST LLP

By: /s/ Patrick E. Premo
Patrick E. Premo

Attorneys for Plaintiff
deCarta, Inc.