PATRICK E. PREMO (CSB NO. 184915)
ppremo@fenwick.com
DENNIS M. FAIGAL (CSB NO. 252829)
dfaigal@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

MARY E. MILIONIS (CSB NO. 238827)
mmilionis@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Plaintiff
deCarta, Inc.

OTTO F. BECKER (CSB NO. 37375)
obecker@foxrothschild.com
PHILIP F. SHINN (CSB NO. 112051)
pshinn@foxrothschild.com
FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104-2734
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

Attorneys for Defendant
Geosentric OYJ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DECARTA, INC.,

Plaintiff,

v.

GEOSENTRIC OYJ,

Defendant.

Case No. C08 02620 (RS)

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order, and Rule 26(f) Report, and request the Court to adopt those portions on which the parties agree as its Case Management Order in this case. To the extent that the parties have not reached agreement, those portions are identified below.

**I. <u>JURISDICTION AND SERVICE</u>**

The Court's jurisdiction over this matter arises under 28 U.S.C. §1332. deCarta, Inc. ("deCarta" or "Plaintiff") originally filed the Complaint initiating this action for breach of contract, specific performance, and account stated in Santa Clara Superior Court on March 28, 2008. *deCarta, Inc. v. Geosentric, OYJ*, No. 1:08-CV-109256 (filed Mar. 28, 2008). Geosentric, OYJ ("Geosentric" or "Defendant") was served with a copy of the complaint and the summons on April 24, 2008. On May 23, 2008, Geosentric filed a notice of removal under 28 U.S.C. § 1441(b) on the basis of complete diversity and filed an Answer to the Complaint and Counterclaims. Geosentric is a citizen of country of Finland while deCarta is a California corporation. Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs, as deCarta has alleged damages of at least $693,753.14 caused by Geosentric's breach of contract. The parties are not aware of any issues with respect to personal jurisdiction or venue.

Additionally, the license agreement entered into by the parties and on which deCarta basis its breach of contract claim requires that, in conjunction with any legal dispute arising therefrom, the parties would submit to the exclusive jurisdiction of federal or state courts in California.

**II. <u>FACTS</u>**

**A. <u>deCarta's Statement of Facts</u>**

deCarta (formerly known as Telcontar, Inc. ("Telcontar")), is a California corporation headquartered in Silicon Valley that markets and sells navigation software for use in cellular telephones (the "Software"). Geosentric is a Finnish Corporation that traditionally manufactured and sold mobile phones and other devices containing location-based technology. It is also the successor in interest to Benecap, Ltd. ("Benecap") and Benefon, Ltd ("Benefon").

On or about June 16, 2005, Telcontar and Benecap entered into an agreement (the "Original License") whereby Telcontar granted to Benecap a non-exclusive license to "market,



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

distribute and sublicense the Rich Map Engine to End Users only in combination with Licensee's Products and Services." Benecap agreed to pay Telcontar licensing fees per unit of Benecap's products sold that include Telcontar's software. Benecap further agreed to pay a Minimum Annual License Fee ("MALF") of €65,000.

In the Original License, Telcontar granted a limited warranty effective for one year after the date of the Software's delivery. All other express and implied warranties were disclaimed, as was the operation of the Software in combinations chosen by Benecap. Telcontar also disclaimed that the Software would be error free or that all Software errors would be corrected. As Benecap's sole and exclusive remedy for any breach of the limited warranty, Telcontar could at its sole option (1) correct the Software, (2) provide a workaround for the Software, or (3) refund Benecap's license fees upon return of the Software. The Original License also limited Telcontar's liability for any action arising under the agreement to a return of the license fees paid and disclaimed any special, indirect, incidental or consequential damages.

The Original License, which contains an integration clause, also required that any waiver, modification or amendment be in writing and signed by authorized representatives of the parties. On or about August 26, 2005, Benecap and Telcontar executed the first such written amendment entitled Amendment #1A to Telcontar Software License Agreement the ("First Amendment"). The First Amendment set the term of the Original 2005 License to begin on September 1, 2005, and allowed for the extension of the term for successive one year periods. Additionally, the First Amendment modified the Original 2005 License to specify that the Benecap product and service utilizing Telcontar products was the "Benefon mobile phone with bundled on-board navigation applications."

On or about August 31, 2006, Telcontar and Benefon executed Amendment #2 to the Agreement (the "Second Amendment"). The purpose of this Amendment was twofold. First, it recognized Telcontar's corporate name change to deCarta and replaced all reference to Telcontar in the Agreement with deCarta. The Second Amendment decreased the per unit license fees but increased the MALF to €510,000. "All other terms and conditions of the Telcontar Software Agreement remain[ed] unchanged."



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Although Geosentric had agreed to pay the €510,000 MALF in exchange for lower per unit fees, Geosentric failed to timely pay the MALF to deCarta. Beginning in August 2007, deCarta repeatedly contacted Geosentric in an effort to receive full payment of the MALF. Geosentric eventually paid €76,500 of the outstanding MALF leaving a balance under the Original License of €433,500. Despite deCarta's efforts continued efforts to collect the outstanding amount, Geosentric has to date not paid any amounts to deCarta.

On or about November 12, 2007, deCarta sent a letter to Geosentric notifying it that it due to its failure to pay the full MALF it was in material breach of the Original License. As required by the parties' agreement, Geosentric then had thirty days to cure the breach, in this case pay the back license fees, or deCarta would terminate the License.

Geosentric did not pay the MALF during the cure period and consequently on December 13, 2007, deCarta sent a letter terminating the Original 2005 License and subsequent Amendments. That same letter also requested the prompt payment of the outstanding balance and the return of all software products, as required under termination provisions of the Original 2005 License. Although the License was now terminated, Geosentric continued to offer to sell the mobile phone products incorporating the licensed software through February 2008. Geosentric then filed this action in Santa Clara Superior Court on March 23, 2008, that alleged Geosentric's breach of the Original 2005 License.

**B. <u>Defendant's Statement of Facts</u>**

(Geosentric incorporates the material facts set forth by Plaintiff in section II.A. above, through page 3, line 21.) Between June and September 2006, Benefon met and communicated with deCarta about map compression related issues. While other software systems employed on the products of Benefon's competitors were capable of compressing map data for the whole of western Europe on to a one gigabyte (1 GB) SD card, deCarta's compression system would have required that Benefon use at least a 4 GB SD card for the same purpose. The operating system on Benefon's phone was designed to support a 1 GB card, not anything like a 4 GB card.

Benefon sought assurances from deCarta that it had a program and schedule for bringing a competitive compression product to market. deCarta assured Benefon that it (deCarta) was







FENWICK & WEST LLP ATTORNEYS AT LAW MOUNTAIN VIEW

focused on solving the data compression issue for Benefon and that deCarta would have a competitive product for Benefon. On September 1, 2006, deCarta offered in writing to guarantee delivery to Benefon by December 2006 of a western Europe map compressed on to a 1 GB SD card. In consideration, deCarta demanded a significantly increased MALF commitment from Benefon and the execution by Benefon of an extension of the contract prior to September 22, 2006. Benefon accepted the offer and executed Amendment # 2 to the contract on November 9, 2006. deCarta executed Amendment # 2 on September 28, 2006.

Benefon purchased significant numbers of 1 GB SD cards in anticipation of using them for deCarta's compressed map. In the event, deCarta did not deliver on its promise to provide a western Europe map on a 1 GB SD card by the end of 2006. Additionally, the deCarta map program was too slow and crashed frequently. These circumstances had a serious negative effect on Benefon's ability to market a competitive product. Benefon sold its supply of 1 GB SD cards at a deep discount, and loss.

In 2007, Benefon reconstituted its Board, terminated its management team and sought to reach a business accommodation with deCarta. Benefon informed deCarta that it had failed to deliver its promised product while concurrently demanding payment of a MALF that had increased 684% in one year ( from 65,000 € in 2005 to 510,000 € in 2006). Benefon's efforts were unavailing: deCarta issued its letter notice of breach, terminated the contract and ultimately filed this action. Benefon has acknowledged that, after the termination of the contract, it shipped a nominal number of its phone units that contained deCarta software, for which deCarta was paid. Benefon discontinued sales promptly upon its new management being informed that these units were being offered through its website.

**C. <u>Plaintiff's Factual Issues In Dispute</u>**

To date, the plaintiff hereby identifies the following disputed legal issues:

- Whether or not Geosentric owes any outstanding license fees to deCarta and, if so, the amount of license fees owed;
- Whether or not the parties intended to enter in to an oral agreement separate from the Original License regarding deCarta's provision of routing engines that would



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

fit on 1 gigabyte SD cards.

**D. Defendant's Factual Issues In Dispute**

To date, the defendant hereby identifies the following disputed legal issues:

- Whether or not the parties entered into an oral agreement on or about September 2006 whereby deCarta agreed to provide a compressed map of western Europe on a 1 GB SD card by December 2006 in consideration of Geosentric agreeing to pay an increased MALF;
- Whether or not deCarta breached the terms of such oral agreement;
- Whether or not the parties entered into an oral agreement on or about September 2006 whereby deCarta agreed to provide by December 2006 faster route calculations in connection with its compressed map of western Europe; and
- Whether or not deCarta breached the terms of such oral agreement.

## III. LEGAL ISSUES

To date, the parties hereby identify the following disputed legal issues:

- Whether or not Geosentric is barred from seeking relief for any alleged Software performance issues as the warranty has expired;
- Whether or not Geosentric can allege that deCarta warranted against problems arising from the combination of deCarta's Software with Geosentric's mobile phones.
- Whether or not Geosentric can allege an oral amendment to the fully integrated Original License;
- Whether or not the oral agreement alleged by Geosentric is an amendment to the Original License;
- Whether or not the Second Amendment is subject to reformation;
- Whether or not the parties agreed to a separate oral contract.

## IV. MOTIONS

On June 20, 2008, deCarta filed a motion to dismiss all of Geosentric's Counterclaims. The motion, which Geosentric opposed, came for hearing on August 6, 2008. On August 14,

2008, the Court issued an Order granting deCarta's motion to dismiss. Geosentric's claim for breach of the implied warranty of merchantability was dismissed with prejudice. Geosentric's other claims for breach of contract, breach of express warranty, and breach of an oral amendment were dismissed with leave to amend.

No other motions are currently pending. deCarta expects to move for summary judgment on Geosentric's obligation to pay past licensing fees in accordance with the Original License as amended. Depending on whether and how Geosentric amends its Counterclaims, deCarta might bring a second motion to dismiss.

## V. AMENDMENT OF PLEADINGS

In light of the Court's Order allowing for the amendment of certain Counterclaims, Geosentric has agreed to file any amended Counterclaims on or before September 15, 2008. deCarta does not anticipate filing any amendments to its pleadings; however, it reserves the right to move to amend at a later date.

## VI. EVIDENCE PRESERVATION

The parties have suspended any document destruction policies or procedures to the extent any exist, and have represented that they are in compliance with evidence preservation requirements.

## VII. DISCLOSURES

The parties have met and conferred and agreed to exchange Initial Disclosures on September 5, 2008.

## VIII. DISCOVERY

### A. Discovery To Date

deCarta served an initial set of document requests, interrogatories, and requests for admission on August 25, 2008. Geosentric's responses to those written requests are due on or before September 29, 2008. To date, Geosentric has not served any discovery.

### B. Changes to Discovery Limitations

At this time, the parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of this district.



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**C. Protective Order**

The parties plan to stipulate to a protective order governing the exchange of confidential information in this action.

**D. deCarta's Statement Regarding Subjects on Which Discovery May Be Needed**

In addition to the written discovery described above, deCarta anticipates taking 1-3 depositions of individuals with personal knowledge as to the negotiation, execution, and performance of the parties' written license agreement and the amendments thereto. deCarta reserves its right to serve additional written discovery and notice additional depositions regarding topics raised in Geosentric's anticipated amended Counterclaims. Geosentric has informed deCarta that its (Geosentric's) witnesses are situated abroad.

**E. Geosentric's Statement Regarding Subjects on Which Discovery May Be Needed**

Geosentric has preliminarily identified six (6) individuals at deCarta who had personal knowledge about the issues related above. deCarta has informed Geosentric that three (3) of these individuals no longer are with the company. Geosentric anticipates deposing the individuals who are still with the company, and reserves the right to depose those individuals who have since left the company and who may need to be subpoenaed to appear for deposition. Geosentric anticipates serving written discovery.

## IX. CLASS ACTIONS

Not Applicable.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

deCarta seeks compensatory damages for the dollar equivalent of at least €433,500, interest at the legal rate, its costs in bringing this suit; reasonable attorney's fees, an order requiring Geosentric's return of deCarta's Software, and such other and further relief the Court deems proper. Geosentric is considering filing an amended counterclaim seeking damages.

//

## XII. SETTLEMENT AND ADR

The parties have conferred regarding the alternative dispute resolution options and have agreed to participate in an early settlement conference or court-sponsored mediation. .

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have already consented to proceed before Magistrate Judge Seeborg for all purposes.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The issues have already been narrowed through deCarta's motion to dismiss. The issues may be further narrowed through another motion to dismiss Geosentric's anticipated amended Counterclaims or through deCarta's anticipated motion for summary judgment.

## XVI. EXPEDITED SCHEDULE

The parties do not anticipate that the case can be handled on an expedited basis with streamlined procedures.

## XVII. PROPOSED SCHEDULE BY PLAINTIFF (BY DEFENDANT)

| EVENT | DATE |
|---|---|
| Deadline to File Joint Case Mgmt Statement/Rule 26(f) Report | September 5, 2008 |
| Initial Case Management Conference | September 10, 2008 @ 1:30pm |
| Last day to for Geosentric to file amended Counterclaims per the August 14 Order | September 15, 2008 |
| Last day to complete non-expert discovery | December 19, 2009 (February 16, 2009) |
| Last day for opening expert reports | January 9, 2009 (March 16, 2009) |
| Last day for opposition expert reports | January 23, 2009 (March 30, 2006) |
| Last day to complete expert discovery | February 13, 2009 (April 29, 2006) |



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| | |
|---|---|
| Last day to file dispositive motions, to be heard on a 35 (minimum 60) day track | March 4, 2009 (May 29, 2006) |
| Last hearing date on which dispositive motions may be heard | April 8, 2009 (July 29, 2006) |
| Final pretrial conference | April 27, 2009 ( At the Court's discretion) |
| Commencement of bench trial (approximately 1-3 trial days) | May 11, 2009 (Geosentric has demanded a jury trial, to be set at the Court's discretion) |

**XVIII. TRIAL**

Although deCarta demanded a jury trial with its Complaint, its current position is that, as this is not a complex case and the issues are narrow, a 2-3 day bench trial should efficiently and fairly adjudicate the issues. Geosentric has demanded a jury trial and estimates a 4-6 day trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON**

Plaintiff will file its Civil Local Rule 3-16 certification promptly.

Defendant filed its Civil Local Rule 3-16 certification indicating the following interested parties:

Defendant Geosentric OYJ was formerly known as Benefon OYJ, a Finnish company, and is successor in interest to Benecap, Ltd. in this matter. Geoholding, B.V. and Schroeder's Private Bank have financial interests in Geosentric OYJ. GeoSolutions, B.V. is a subsidiary of Geosentric OYJ.

**XX. ADDITIONAL MATTERS:**

The parties are unaware of additional matters that require discussion at the initial Case Management Conference.

//

//

//

//

Dated: September 3, 2008

FENWICK & WEST LLP

By: /s/ Mary E. Milionis
Mary E. Milionis

Attorneys for Plaintiff deCarta, Inc.

Dated: September 3, 2008

FOX ROTHSCHILD LLP

By: /s/ Phillip F. Shinn
Phillip F. Shinn

Attorneys for Defendant Geosentric OYJ

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Mary E. Milionis, attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signature (/s/) within this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of September, 2008, at San Francisco, California.

Dated: September 3, 2008

FENWICK & WEST LLP

By: /s/ Mary E. Milionis
Mary E. Milionis

Attorneys for Plaintiff deCarta, Inc.

## [PROPOSED] ORDER

The foregoing joint statement is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

**IT IS SO ORDERED**.

Dated: September __, 2008

By:______________________________
The Honorable Richard Seeborg
United States Magistrate Judge

20662/00406/LIT/1291127.2